92 So.2d 188 (1956)
Josephine L. CHAMBERS, Appellant,
v.
SOUTHERN WHOLESALE, Inc. (Formerly Hadley's, Inc.), a Florida corporation, and Royal Palm Ice Co., a Florida corporation, Appellees.
Supreme Court of Florida. En Banc.
October 24, 1956.
Rehearing Denied February 7, 1957.
Alfred Kreisler, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for Southern Wholesale, Inc.
Knight, Smith & Underwood and Jackson Peters, Miami, for Royal Palm Ice Company.
CROSBY, Associate Justice.
In this case the trial court granted motions for summary judgment and entered final judgment in favor of each of the appellees, who were defendants below. The question on appeal is whether the pleadings and the deposition of appellant raised a material issue of fact that should be submitted to a jury.
The appellant Josephine L. Chambers filed a complaint against the appellees Southern Wholesale, Inc., and Royal Palm Ice Company, Inc., alleging that she was injured as a result of slipping and falling on a public sidewalk in front of the store of the appellee Southern Wholesale and that her injury was the proximate consequence of negligence on the part of the appellees. Specifically she charged that Southern Wholesale received delivery of a block of ice and negligently placed it or permitted it to be placed on the public sidewalk and permitted it to remain there until it partially melted and caused a slippery and unsafe condition for persons walking on a public sidewalk. The complaint contained a similar charge of negligence against the Ice Company for placing the block of ice on the public sidewalk and allowing it to remain there until it partially melted and caused a slippery and *189 unsafe condition. Each of the appellees filed a motion to dismiss the complaint on the ground that it failed to show negligence on the part of appellees and, further, that the facts alleged showed appellant had been guilty of contributory negligence. These motions were denied. Appellant thereupon, with leave of court, filed an amended complaint identical with her original complaint except that it contained an additional paragraph charging that the alleged negligent conduct of appellees was a violation of an ordinance of the City of Miami that makes it unlawful to place obstructions on any public sidewalk. The answer of each appellee denied negligence on its part and alleged contributory negligence on the part of appellant.
Appellant's deposition was taken by the appellee Ice Company. This deposition showed that appellant was an employee of Southern Wholesale and that the accident occurred in front of that company's store when she was about to enter the store on her way to work at around 8:10 or 8:20 a.m. The weather was dry. She had been driven to work by her son who parked her automobile right in front of the store to let her out. She got out of the automobile, took one or two steps an then stepped into the puddle of water, slipped and "went flying through the air." The block of ice, then about 12 inches in each dimension, was near the wall of the building just to the right of the door and was not in the path of travel into the store. Melting had, however, caused a puddle of water some 42 inches long and 25 inches wide, extending from the block of ice to about the middle of the sidewalk in front of the door. At the time appellant was carrying her pocketbook and three wool rug samples 27 by 54 inches in size. She testified that she saw the water just about the time she stepped in it but that there was nothing to prevent her seeing it from the time she got out of the car. Appellant did not think that she hit the block of ice at all. Appellant's brief contains the statement that she had been employed by Southern Wholesale for about thirteen months at the time of the accident; that she arrived at work each morning at approximately the same time, and that she had seen a block of ice on the sidewalk only once before, some six months prior to the accident. (This latter information is not found in the excerpt from appellant's deposition included in the appendices to the briefs, but it is not challenged by appellees and we therefore assume that appellant did so testify. We point out, in passing, that the better practice is to include in the appendix a transcript of those parts of the testimony relied upon in a party's brief.)
In these circumstances the trial court granted a motion for summary judgment in favor of both appellees. The record does not indicate whether the granting of these motions was grounded upon failure of appellant to show actionable negligence on the part of appellees or upon a finding that appellant was guilty of contributory negligence as a matter of law. For the reasons hereinafter set forth, it is not necessary to determine upon which ground the trial court relied.
We direct our attention primarily to the question on which, as we conceive, this case turns: Do the pleadings and the deposition of appellant show that she was guilty of contributory negligence as a matter of law? We think they do. The condition of which appellant complains was a puddle of water extending half way across the sidewalk in plain view. The accident occurred in broad daylight. Appellant testified that there was nothing to prevent her seeing the puddle from the time she stepped out of the car, and she did in fact see it just before she stepped into it. So far as the record shows, this was "plain" water, containing no soap or other slippery ingredient. The sidewalk is not shown to have been unusual in any way. In no sense was this a case of a hidden defect or a trap that would remain undetected by a person in the normal use of his faculties. The presence of water on a public sidewalk is not unusual. It may accumulate there *190 from a variety of causes, from natural or from human agencies. It is not uncommon for storekeepers to hose the sidewalk in front of their business establishments with water to keep them clean and free of debris. In residential areas many Floridians sprinkle their lawns with water whenever necessary to supplement the natural supply, and in the process almost inevitably some water falls on the sidewalks adjoining their premises. The presence of water on a public sidewalk is not so unusual as to justify a user of the sidewalk in wholly ignoring the possibility of its presence.
While we have held repeatedly that it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any, Mertz v. Krueger, Fla., 58 So.2d 160; First Federal Savings & Loan Ass'n of Miami v. Wylie, Fla., 46 So.2d 396; Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903; Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658; Crosby v. Donaldson, 95 Fla. 365, 116 So. 231; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A. 1916C, 1208; J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45; nevertheless a normal adult person is charged with the duty to exercise a reasonable degree of care for his own safety and to see that which would be obvious upon the ordinary use of his senses, Hoag v. Moeller, Fla., 82 So.2d 138; Brant v. Van Zandt, Fla., 77 So.2d 858; Frederich's Market, Inc., v. Knox, Fla., 66 So.2d 251; Bowles v. Elkes Pontiac Co., Fla., 63 So.2d 769; Earley v. Morrison, Fla., 61 So.2d 477; Clyde Bar, Inc., v. McClamma, 152 Fla. 118, 10 So.2d 916; Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366. In the present case the plaintiff's testimony affirmatively shows that she did not exercise that degree of care for her own safety which the law requires. The puddle of water was plainly visible. She knew as well as the defendants the extent to which water may render a concrete sidewalk slippery. She could easily have avoided stepping upon the wet spot. Upon this evidence, and in the absence of circumstances that would justify her failure to apprehend and avoid the danger, she is barred by her contributory negligence from recovering damages against the defendants.
Having this view of the matter, we need not determine the other questions raised in this appeal. We must, however, make it clear that we are not here deciding that placing or permitting water to remain on a public sidewalk cannot constitute actionable negligence or that a person who is injured thereby must in every case be guilty of contributory negligence. These cases arise in a wide variety of factual situations and each must be considered in the light of its own facts.
For the reasons stated herein the judgment of the trial court should be and it is
Affirmed.
TERRELL, Acting C.J., and THOMAS and O'CONNELL, JJ., concur.
ROBERTS and THORNAL, JJ., concur in conclusion for affirmance.
BUFORD, J., dissents.