93 So.2d 58 (1957)
Petronelia DEWAR and John Dewar, her husband, Appellants,
v.
CITY OF MIAMI, Florida, a municipal corporation, Ayares Finance Corporation, Reliable Motor Company, Inc., and Universal Finance Company, Incorporated, Appellees.
Supreme Court of Florida, En Banc.
February 27, 1957.
Kelner & Lewis, Miami Beach, for appellants.
J.W. Watson, Jr. and Robert M. Haverfield, Miami, for City of Miami; Blackwell, Walker & Gray, Miami, for Ayares Finance Corp., Reliable Motor Co., Inc. and Universal Finance Co. Inc., appellees.
DREW, Justice.
A determination of the existence or nonexistence of contributory negligence in a summary judgment situation provides the focal point for this opinion.
Petronelia Dewar brought a complaint charging the adjacent property owners and the city with negligence in regard to the creation of cracks in a sidewalk, and failure to repair such defects. Mrs. Dewar alleged that she fell while she was walking upon the defective sidewalk. The defendants charged Mrs. Dewar with contributory negligence, which would bar her claim. The trial judge entered summary judgment for the defendants from which Mrs. Dewar appeals:
"This cause came on to be heard, after due notice, upon the defendants', Ayares Finance Corporation, Reliable Motor Company, Inc., and Universal Finance Company, Incorporated, Motion for Summary Judgment, upon the pleadings, the deposition of Petronelia Dewar, and the affidavit of A. Schlossberg; and after counsel for the plaintiffs waived notice required by the rules for the filing of motions for summary judgment, the Court allowed the defendant, City of Miami, Florida, to join in the motion for summary judgment filed in behalf of the defendants, Ayares Finance Corporation, Reliable Motor Company, Inc., and Universal Finance Company, Incorporated, and after argument of counsel and the Court being otherwise duly and fully advised in the premises, it is thereupon
"Considered, ordered and adjudged, as follows:
"1. The Defendants' Motion for Summary Judgment be and the same hereby is granted upon the ground that it affirmatively appears that the Plaintiff, Petronelia Dewar, was guilty as a matter of law of contributory negligence." (Amended order)
*59 Mrs. Dewar's testimony on deposition is the only evidence which we find necessary to support the conclusion of the trial judge. Her testimony concerning her own action when she was faced with the defective sidewalk situation is not controverted. In the discovery deposition of Mrs. Dewar, which was before the trial court and considered in the disposition of the motion for summary judgment, she testified that some distance before she reached the point in the sidewalk where she was injured she saw that the sidewalk was cracked and broken. She testified that she didn't know exactly how far she was from it but that she did see that "the whole area is pretty cracked up." She further testified:
"Q. It was clear at this time? A. Oh, yes.
"Q. Was there anything that would obstruct your view of the sidewalk as you walked along at this time? A. No, nothing.
"Q. At the time you had the accident were you looking where you were walking? A. Oh, yes. I always do.
"Q. And did you notice these imperfections in the sidewalk that you testified to? A. Well, there were a lot of cracks in the sidewalk. The entire area is cracked but I didn't see anything that was other than cracks.
"Q. You did notice the cracks? A. Oh, yes. The entire area is cracked.
"Q. Have you been over this area before? A. No, sir."
In Chambers v. Southern Wholesale, Inc., Fla., 92 So.2d 188, 190, we said, speaking through Crosby, Associate Justice,
"In the present case the plaintiff's testimony affirmatively shows that she did not exercise that degree of care for her own safety which the law requires. The puddle of water was plainly visible. She knew as well as the defendants the extent to which water may render a concrete sidewalk slippery. She could easily have avoided stepping upon the wet spot. Upon this evidence, and in the absence of circumstances that would justify her failure to apprehend and avoid the danger, she is barred by her contributory negligence from recovering damages against the defendants."
The record here fails to show any circumstances that would justify Mrs. Dewar's failure to apprehend and avoid the danger. On the contrary, her testimony clearly shows that after seeing the condition of the sidewalk some distance away, she continued on her way and stepped into the crack which resulted in her injury. Under such circumstances she is guilty of contributory negligence as a matter of law. Becksted v. Riverside Bank of Miami, Fla. 1956, 85 So.2d 130; Earley v. Morrison Cafeteria Co., Fla. 1952, 61 So.2d 477 (summary judgment cases); See also Bowles v. Elkes Pontiac Company, Fla. 1952, 63 So.2d 769; Pettigrew v. Nite-Cap, Inc., Fla. 1953, 63 So.2d 492; Breau v. Whitmore, Fla. 1952, 59 So.2d 748; and Brant v. Van Zandt, Fla. 1955, 77 So.2d 858.
The foregoing cases are distinguishable from those such as City of Palatka v. Woods, Fla. 1955, 78 So.2d 562, 563, where the evidence established that the injured party was not aware of the dangerous condition of the sidewalk prior to the time of injury. In City of Palatka v. Woods, supra, we said, in disposing of the question of contributory negligence:

"The evidence clearly shows that the plaintiff below was not aware of the dangerous condition of the sidewalk prior to the time of injury. Therefore, the question of whether the failure to observe the condition constituted contributory negligence was one for the jury. The case would have fallen under the other rule had the witness testified or had the evidence otherwise established that the plaintiff knew of the defective condition of the sidewalk *60 prior to the time she proceeded forward in the dark." (Emphasis added.)
In the instant case, as shown above, the plaintiff was walking on the sidewalk in the daylight and testified that she saw and knew that the sidewalk was defective sometime prior to walking into the defective area. When she continued on her way with full knowledge of said defects she became guilty of contributory negligence as a matter of law.
Affirmed.
TERRELL, C.J., and HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.