**Adele M. COONEY, Plaintiff,**

v.

**PANAMA CITY, a municipal corporation, Defendant.**

**Civ. A. No. 439.**

United States District Court
N. D. Florida,
Marianna Division.

Sept. 16, 1958.

Earl R. Duncan, Panama City, Fla., for plaintiff.

Mercer P. Spear, Panama City, Fla., for defendant.

CARSWELL, Chief Judge.

This comes before the Court on defendant's motion for summary judgment in accordance with provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., based upon deposition of plaintiff and stipulation of counsel and certain attached photographs.

The undisputed facts show that plaintiff, an adult female, accompanied by her nephew, a lieutenant stationed at nearby Tyndall Air Force Base, was injured when she fell in walking along the public sidewalks from the Post Office at Panama City, Florida, to a nearby store. The

accident occurred shortly after noon on a clear day. In approaching the point of the accident, plaintiff and her nephew crossed an alleyway which traversed the sidewalk. There were no obstructions which could interfere with plaintiff's vision in seeing the condition of the sidewalk and the curb on the opposite side of the alleyway. There was no traffic, nor were there other pedestrians. In her deposition she states that she did see the curb some distance before she reached it. Immediately after crossing the alleyway, the plaintiff fell, apparently in attempting to step up or over the curb, sustaining certain injuries. The area in question, as evidenced by the record, had a very clear and unmistakable depression of the pavement on the alleyway side adjacent to the curb and a depression of the curb itself, leaving the sidewalk abutting the curb several inches higher.

The question here is whether the plaintiff's injuries were sustained as a result of her own contributory negligence either (1) in observing the defective condition of the sidewalk and not acting for her own protection, or (2) having seen the curb from some distance away, being thereby charged with knowledge of its defective condition and still proceeding without proper caution for her own protection.

While the record is not clear as to whether she actually recognized the potentially dangerous condition, it is clear that she should have done so under the circumstances. Here there was no concealed hazard in, on, or around the spot. The defective sloping curb and raised abutting walk were obvious for some distance away, especially from plaintiff's approach.

On the record here the Court is compelled to the conclusion that she was contributorily negligent as a matter of law in that plaintiff did not use due care for her own safety under the circumstances.

It has long been established in Florida that " * * * the duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises." Matson v. Tip Top Grocery Company, 151 Fla. 247, 9 So. 2d 366, 368. Even if it be assumed that the condition of the public sidewalk was potentially dangerous, it was none the less her duty to see that which would be obvious to her upon the ordinary use of her senses and to exercise a reasonable degree of care for her own safety. See Becksted v. Riverside Bank of Miami, Fla.1956, 85 So.2d 130; Chambers v. Southern Wholesale, Inc., Fla.1956, 92 So.2d 188; Dewar v. City of Miami, Fla. 1957, 93 So.2d 58.

With admirable candor counsel for plaintiff admits that a motion for a directed for defendant should be granted in the event this cause went before a jury on this record. The very purpose of Rule 56, Federal Rules of Civil Procedure, upon which subject motion is based, is to prevent the necessity of such procedure.

Judgment will be entered, therefore, granting defendant's motion for summary judgment.