PER CURIAM.
The record reveals the existence of a genuine issue as to a material fact, namely, *889 whether or not appellant wife saw or should have seen the alleged defect in the sidewalk of the City of Tampa. Accordingly, the summary judgment entered below against the plaintiffs-appellants should be reversed. Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A.; Mullis v. City of Miami, Fla.1952, 60 So.2d 174; Smith v. Poston Bridge & Iron, Inc., Fla.1956, 87 So.2d 581; Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116; Farrey v. Bettendorf, Fla.1957, 96 So.2d 889; Bess v. 17545 Collins Avenue, Inc., Fla.1957, 98 So.2d 490; Buck v. Hardy, Fla.App. 1958, 106 So.2d 428; Mason v. Renick, Fla.App.1958, 107 So.2d 38.
Reversed.
KANNER, C. J., ALLEN, J., and WALDEN, JAMES H., Associate Judge, concur.