113 So.2d 756 (1959)
Celia KRAMER, Appellant,
v.
Joe LANDAU and Ralph Focaracci and Gilda E.C. Focaracci, Appellees.
Nos. 58-671, 58-672.
District Court of Appeal of Florida. Third District.
June 30, 1959.
Rehearing Denied August 11, 1959.
Hilery F. Silverman, Miami Beach, for appellant.
Blackwell, Walker & Gray and John G. Poole, Jr., Miami, for Joe Landau.
Wicker & Smith, Miami, and Stephen C. McAliley, Jacksonville, for Ralph and Gilda Focaracci.
HORTON, Judge.
These appeals are from separate summary judgments entered for the defendants *757 Landau and Focaracci. The appeals were consolidated for briefing and preparation of the record on appeal.
The plaintiff, Celia Kramer, was a passenger in an automobile driven by Joe Landau which was proceeding in a southerly direction on S.W. 27th Road. At the intersection of S.W. 7th Avenue, the Landau vehicle collided with an automobile owned by Ralph Focaracci and driven by his wife, Gilda. The record discloses that S.W. 7th Avenue is a through street, while S.W. 27th Road is governed by a stop sign.
The original complaint named only Ralph Focaracci as party defendant. After answer, counsel for Ralph Focaracci took the deposition of the plaintiff. Thereupon, the defendant moved for summary judgment based upon the deposition and the affidavit of Gilda Focaracci, the driver of the defendant's automobile, who stated that she was driving in a proper manner and that Landau had failed to stop at the intersection. The plaintiff submitted a counteraffidavit of Joe Landau which stated that he obeyed the stop sign, but that the Focaracci automobile was negligently driven. The record fails to disclose the disposition of this motion for summary judgment; however, shortly thereafter, the plaintiff obtained permission to file an amended complaint which added both Joe Landau and Gilda Focaracci as parties defendant. This complaint alleges the plaintiff's injuries to be the result of the concurrent negligence of the drivers of both automobiles. After answers were filed, both Landau and the Focaraccis moved for summary judgments, both of which were granted by the trial judge. These appeals followed.
At the outset, we observe from the record the absence of an assignment of error directed to the entry of summary judgment against Joe Landau. The appellant has one assignment of error directed to this order, which reads as follows:
"The Court erred in entering a summary final judgment in favor of the defendants, Ralph Focaracci and Gilda E.C. Focaracci. Said final judgment was entered by the Circuit Court of the Eleventh Judicial Circuit In and For Dade County, Florida, and was filed the 8th day of September, 1958, and recorded the 9th day of September, 1958 in Circuit Court Minute Book 381 at page 537."
The first sentence of the assignment alleges nothing adverse to appellant insofar as the appellee, Joe Landau, is concerned. The second sentence merely refers to the description of the order under attack and is neither required nor contemplated by the rules. Florida Appellate Rule 3.5(c), 31 F.S.A. Without a proper assignment of error, the appellant has no basis for the point in her brief directed at the entry of judgment in favor of Joe Landau and the appeal (No. 58-672) therefrom must necessarily be affirmed. See Red Top Cab & Baggage Co. v. Dorner, 159 Fla. 538, 32 So.2d 321; Vaughn v. Smith, Fla. 1957, 96 So.2d 143.
The only remaining point for determination concerns the propriety of the summary judgment for the Focaraccis. The motion for summary judgment required a review of the deposition of Celia Kramer and the affidavits of Joe Landau and Gilda Focaracci to determine if there was any genuine issue as to material facts that went to the liability of the Focaraccis. Although the three instruments were all submitted at a time when only Ralph Focaracci was party defendant, the trial judge ruled upon them at a time when both Joe Landau and Gilda Focaracci were also parties defendant.
During the course of the appellant's deposition, she made the following comments:
"* * * I didn't have time to tell Joe whether it is a stop here or it isn't a stop, and I think he didn't stop. See, it isn't a light there, but it is a stop signal.
* * * * * *

*758 "* * * I believe Joe had to stop on that sign, but I don't believe he stopped.
* * * * * *
"But she was so close, I didn't have time to tell Joe to look you, you understand; and Joe is in the place to see it, and maybe he saw her too, and that is the reason he didn't stop.
* * * * * *
"Q. Of course, he didn't stop at the intersection though. A. I believe he didn't.
* * * * * *
"Q. In other words, you think maybe he just didn't notice the stop sign. A. That's right, maybe he didn't see the sign.
* * * * * *
"Q. Did you ask Mr. Landau about how it happened? A. I said, `Joe, you are such a good driver, been driving for so many year, and you didn't see the stop.' He says, `I didn't see it, and she ran into me so fast I didn't even have time to put my brakes.'"
The affidavit of Gilda Focaracci also alleged that the Landau automobile failed to obey the stop sign. The affidavit of Joe Landau, offered by appellant at a time when he was not a party to the action, alleges that he did stop for the sign.
From the foregoing facts, it appears that both the appellant and the appellee, Gilda Focaracci, are in agreement as to the fact that Joe Landau violated the stop sign. The Landau affidavit was the sole instrument offered by the appellant to offset the granting of the motion for summary judgment. As such, it directly conflicted with the position taken by the appellant in her deposition. The appellant cannot take inconsistent positions in order to avoid summary judgment. In Ellison v. Anderson, Fla. 1954, 74 So.2d 680, 681, the court said:
"We agree with the lower Court that a party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to boldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy." [Emphasis supplied.]
A review of the exhibits, affidavits and deposition of appellant in the light most favorable to her compels recognition of the fact that the Focaraccis were without fault.
Accordingly, the judgments appealed are affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.