ROBERTS, Justice
(dissenting).
By petition for certiorari the City of Tampa, petitioner here, seeks review and quashal of a decision of the Second District Court of Appeal, Banks v. City of Tampa, Fla.App.1959, 112 So.2d 888, reversing on .appeal by the respondents a summary judgment entered in the trial court in favor of the City in a suit for damages brought by the respondents against the City for injuries sustained by the respondent wife when she tripped and fell on an alleged •defect in a City sidewalk. As the basis for its per curiam decision of reversal the appellate court stated merely that “The rec•ord reveals the existence of a genuine issue .as to a material fact, namely, whether or ■not appellant wife saw or- should have seen the alleged defect in the sidewalk of the «City of Tampa.”
An examination of the pleadings, including the plaintiff-wife’s deposition, and the summary judgment of the trial court reflect a conflict with the decision of this court in Dewar v. City of Miami, Fla. 1957, 93 So.2d 58, and similar cases, on the point of law decided by the appellate court. It further appeared from the argument in brief made by the plaintiff-respondents in support of the appellate court’s decision of reversal, that the decisions of this court in the Dewar case and other similar cases may have been — and probably were — misinterpreted by the appellate court, and that some confusion exists as to the proper application of settled principles of law, referred to hereafter, to undisputed facts in determining, upon motion of the defendant, whether a plaintiff injured by an alleged defect in a sidewalk has been guilty of contributory negligence as a matter of law. For these reasons and to insure harmony in and a standardization of decisions on this question for the benefit of the Bench and Bar, we issued the writ and heard the oral argument of counsel at the Bar of this court. A majority of the court feels that we do not have jurisdiction to correct the error. I disagree and therefore respectfully dissent. The cause is now before the court for final disposition.
In the Dewar case, supra, 93 So.2d 58, 59, a photograph of the general area of the sidewalk near the point where Mrs. Dewar stepped into a wide deep crack, which she referred to as a “hole”, showed that there were many cracks in the sidewalk in the general area. Mrs. Dewar’s statements in her deposition showed that she was aware of the generally cracked condition of the sidewalk and was watching where she was going, but that she did not see the hole before she stepped into it. In affirming a summary judgment in favor of the defendant City this court said:
“The record here fails to show any circumstances that would justify Mrs. Dewar’s failure. to apprehend and avoid the danger. On the contrary, her testimony clearly shows that after seeing the condition of the sidewalk some distance away, she continued on her way and stepped into the crack which resulted in her injury. Under such circumstances she is guilty of contributory negligence as a matter of law.”
The facts of the instant case are very similar. A photograph showed the obviously defective condition of the sidewalk in the general area near where the plaintiff fell. Her statements in her deposition showed that she was aware of the generally defective condition of the sidewalks in Ybor City from traversing them in performing her duties as an enumerator, and is susceptible of the inference that she. was *790 aware of the generally defective condition of the particular sidewalk she was traversing. She said, however, that she did not see the particular defect upon which she stumbled because she was not looking, and that if she had seen it, she wouldn’t have fallen.
In support of the appellate court’s decision of reversal the plaintiffs^respondents argue that, under the decisions of this court in the Dewar case, supra, 93 So.2d 58, Chambers v. Southern Wholesale, Inc., Fla. 1957, 92 So.2d 188, and City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278, a plaintiff injured by a defect or dangerous condition in or upon a sidewalk must have actual knowledge of the exact defect or danger resulting in the injury, and must then voluntarily proceed into or upon the defect or danger, in order to be found guilty of contributory negligence as a matter of law. This is, of course, the rule applicable to the defense of “assumption of risk”; and such an interpretation of our decisions in the cited cases would, in effect, withdraw from a defendant the benefit of the defense of contributory negligence, as a matter of law, in this type of case. It was not our intention to so hold.
As noted above, reference to the record and Mrs. Dewar’s deposition shows that, although she was aware of the general condition of the sidewalk, she did not see the “hole”, as she called it, before she stepped into it. She said that she saw that the entire area was cracked but that she “didn’t see anything that was other than cracks.” In the Chambers case [92 So.2d 189], it appeared that Mrs. Chambers saw the puddle of water on the sidewalk “just about the time” she stepped in it; and the language of this court in that case to the effect that Mrs. Chambers “could easily have avoided stepping upon the wet spot” did not mean that she voluntarily stepped on it; we meant only that, if she had been exercising due care to observe the obvious condition of the sidewalk before proceeding thereon after getting out of her car, she could have stepped around it. The statement in the opinion that “The presence of water on a public sidewalk is not so unusual as to justify a user of the sidewalk in wholly ignoring the possibility of its presence” should have been sufficient indication of the true intent of the court in using the language first above quoted. The City of Jacksonville case, supra, 74 So.2d 278, involved the question of the contributory negligence of a 12-year-old child in stepping into a hole in the sidewalk in front of her home; and a majority of the court held that this question was properly submitted, to the jury. It was only as dictum that it was stated that, even if the plaintiff had been an adult, this question would have-been for the jury.
Thus, in the Dewar and Chambers cases,, supra, in deciding whether the trial judge-properly entered a summary judgment for the defendant upon the basis of the admissions made by the plaintiff in her deposition, this court simply applied to the undisputed facts the two well-settled principles of law applicable to a determination of the question of contributory negligence of a plaintiff — stated in the Chambers case, 92 So.2d at page 190, as follows:
“While we have held repeatedly that it is not contributory negligence to fail to look out for danger when there is-no reason to apprehend any [citations], nevertheless a normal adult person is charged with the duty to exercise a reasonable degree of care for his own safety and to see that which would be obvious upon the ordinary use of his senses. [Citations.]”
The rule first above stated was re-stated" in City of Jacksonville v. Stokes, supra, 74 So.2d 278, 279, as follows: “One need not look for danger unless there is reason to expect it.” And the second rule is frequently stated by this court in the language used", in Earley v. Morrison Cafeteria Co., Fla. 1952, 61 So.2d 477, 478, as follows: “The-duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises.”
*791 As applied in cases involving sidewalk defects, these principles require a pedestrian, in the performance of his duty “to observe the obvious and apparent condition of the premises”, to look where he is going and observe the general condition of the sidewalk immediately ahead. Cf. Jacobs v. Claughton, Fla.App.1957, 97 So.2d 53; McMurphy v. Pipkin, 1954, 260 Ala. 203, 69 So.2d 682. If the sidewalk is apparently in good condition, containing nothing to put .the pedestrian on notice of the possibility of a dangerous defect, then he has the right to assume that it is reasonably safe for travel; and in this situation it would be manifestly unreasonable and impracticable to require a pedestrian to keep his or her eyes constantly fixed on the sidewalk in a search for possible holes or other defects. Cf. Mullis v. City of Miami, Fla.1952, 60 So.2d 174; Bentley v. Rothschild Bros. Hat Co., 1910, 144 Mo.App. 612, 129 S.W. 249. In other words, in this situation it is not contributory negligence as a matter of law to fail to look for and avoid a dangerous defect because there would be no reason to “apprehend” (i. e., “expect”) any.
If, however, the sidewalk upon which a -pedestrian is walking or which he is approaching is, in general, in a defective con■dition in the area immediately ahead, which ■general condition is readily observable by ‘him in the exercise of ordinary care, then 'he has or ought to have reason to “appre'hend” the existence of the same or a similar type of defect on all portions of the ■sidewalk — that upon which he is walking :as well as that in the area immediately ahead; and he cannot, with impunity, proceed along the sidewalk without looking for and avoiding obvious defects of the same general type as those infecting the general area. In this situation the principle first above mentioned is not applicable and cannot be relied upon by a pedestrian as justification for his failure to “apprehend and avoid” the defect encountered, resulting in injury. And in the absence of such excuse or justification, his failure to do so is a breach of his duty “to exercise a reasonable degree of care for his own safety and to see that which would be obvious upon the ordinary use of his senses” [92 So.2d 190] and is such contributory negligence as will, as a matter of law, bar his suit for damages. Dewar v. City of Miami, Fla.1957, 93 So.2d 58. See also Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116; Cooney v. Panama City, D.C.Fla.1958, 165 F.Supp. 381; Buckley v. City of Portsmouth, 1959, 168 Ohio St. 513, 156 N.E.2d 468. Cf. Citro v. Stevens Institute of Technology, 1959, 55 N.J.Super. 295, 150 A.2d 678.
For the reasons stated, the decision of the appellate court here reviewed, which reversed the summary judgment entered in the trial court, is in direct conflict with Dewar v. City of Miami, supra, 93 So.2d 58, and should be quashed with directions to enter an order affirming the summary judgment entered in the trial court.
I therefore respectfully dissent,.
TERRELL, J., concurs.