PEARSON, Judge.
The plaintiffs appeal from a summary final judgment entered in favor of R. F. Stover, one of two defendants in an action for personal injuries resulting from a rear-end automobile collision. The plaintiff wife was injured when defendant Shonfeld’s car struck the rear of her automobile while she was stopped at a traffic control signal. The complaint, in the alternative, pleaded separate and concurrent negligence of the two defendants. It was alleged that an automobile driven by the defendant Stover struck the rear of the Shonfeld automobile at or about the same time as the Shonfeld automobile struck the plaintiff’s automobile.
The court had before it, at the time of the entry of the summary judgment: the complaint, the answer of each defendant, the deposition of the plaintiff wife, answers to interrogatories propounded to the plaintiffs, answers of defendant Shonfeld to interrogatories propounded to him and an affidavit of defendant Shonfeld. The defendant Stover relied upon the deposition of the plaintiff wife as the basis for the summary judgment. In her deposition the plaintiff stated that, although she was facing forward in her automobile and did not see the accident, it was her “impression” that the Stover automobile struck the Shonfeld automobile after the Shonfeld automobile collided with the plaintiffs’ automobile. The answers to interrogatories and the affidavit of defendant Shonfeld were in contravention to the “impression” of the plaintiff, in that Shonfeld places the full responsibility for the accident upon Stover.
*8 It is urged by the appellee, Stover, that the summary final judgment should be sustained because upon the motion the cause should be treated as consisting of two separate and independent causes of action, viz., 1) an action by the plaintiffs against the defendant Stover, and 2) an action by the plaintiffs against the defendant Shon-feld. Thereupon it is argued as between the plaintiff and defendant Stover, plaintiffs are not entitled to the testimony of defendant Shonfeld, because it is contrary to plaintiff wife’s “impression” of how the accident occurred. This position is not supported by the Florida Rules of Civil Procedure, 30 F.S.A. Rule 1.36(c) thereof, provides for an entry of a summary judgment for the defending party “if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.” Under this rule we find no authority for the separation of a cause into different compartments.
 It is next contended by appellee, Stover, that plaintiffs are barred from recovery by the admissions of the plaintiff wife that the Stover automobile was not responsible for the accident. This court held in Kramer v. Landau, Fla.App.1959, 113 So.2d 756 that upon motion for summary judgment a party could not change his testimony on deposition by the use of an affidavit of one defendant against another defendant in order to avoid a summary judgment. The application of that rule does not bar the plaintiffs in this cause. In the instant case it appears that the plaintiff wife will be without benefit of her own testimony in attempting to establish liability of defendant Stover. However, it does not appear that her own testimony establishes the nonliability of the defendant Stover, nor is the deposition of the plaintiff wife contrary to the affidavit of the defendant Shonfeld. This is true because it affirmatively appears that the statement relied upon was not based upon observation but a conclusion of the deponent.
We have considered appellants’ points urging that they are entitled as a matter of law to a summary final judgment against the defendants separately and find them to be without merit. The summary judgment entered in favor of the defendant Stover is reversed and the cause remanded for further proceedings.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.