PER CURIAM.
The controlling question involved in this appeal is the effect of a failure to swear to answers to requests for admissions under Rule 1.30, Florida Rules of Civil Procedure, 30 F.S.A. Such answers do not meet the requirements of the rule and the requests must be deemed admitted at the expiration of the designated time for response.
Although the Court recognizes the harshness of this rule, it should be noted that in the instant case the record is devoid of any request by the answering party for an opportunity to amend his answers by attaching an oath. What the effect of such a request would be we need not and do not now decide.
The admissions resulting in the case sub judice contain sufficient facts to warrant the entry of a summary judgment for the Plaintiff-Appellee. In Ellison v. Anderson, 74 So.2d 680 (Fla.1954), and Kramer v. Landau, 113 So.2d 756 (3d Dist.Fla.App.1959), the defendants were forbidden to controvert their own admissions made in depositions by their own or affidavits of others. Although the Court has been cited no case in which this rule has been applied to admissions resulting from requests under Rule 1.30, the rationale of the two cases cited above would appear to apply and the Defendant-Appellants herein could not avoid the entry of an adverse summary judgment by such affidavits.
Affirmed.
SMITH, C. J.,' SHANNON, J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.