171 So.2d 552 (1965)
Stella M. McKEAN, Appellant,
v.
KLOEPPEL HOTELS, INC., Appellee.
No. F-333.
District Court of Appeal of Florida. First District.
February 9, 1965.
Rehearing Denied March 5, 1965.
*553 Smith & Werber; and Jack F. Wayman, Jacksonville, for appellant.
Cox, Grissett & Webb, Jacksonville, for appellee.
STURGIS, Chief Judge.
Appellant, plaintiff below, seeks reversal of a summary final judgment for the defendant-appellee in a negligence action. The appeal also challenges an order of the trial court denying appellant's petition for rehearing under Rule 2.8, F.R.C.P., 31 F.S.A.
The complaint charged that defendant rendered its services and facilities for a cocktail party and banquet to an organization of which plaintiff was a member; that defendant negligently maintained the premises by allowing an accumulation of water to remain on the dance floor for a period of 15 minutes or longer, thereby creating a dangerous and unsafe condition; and that as a proximate result of defendant's negligence plaintiff slipped and fell, seriously injuring herself. The answer denied the material allegations of the complaint and affirmatively asserted the defenses of contributory negligence and assumption of risk.
Defendant filed the following requests for admissions and plaintiff answered as indicated:
Request No. 1: "That shortly prior to the occurrence described in paragraph numbered 7 of your complaint herein, you commenced to walk over to the piano located on defendant's premises *554 in a room thereof in which you were attending a cocktail party."
Answer: "Admitted."
Request No. 2: "That at the time and place set forth in request for admission No. 1 above, and while walking toward the piano, you saw a large puddle of water, or a spilled drink or some liquid substance on the floor in said room."
Answer: "Denied."
Request No. 3: "That after seeing the liquid substance described in request for admission 2 above, you passed Mr. Bill Hall, who asked you to dance."
Answer: "Admitted."
Request No. 4: "That at the time and place described in request for admissions 1, 2, and 3 above, you accepted Mr. Hall's invitation to dance and then warned Mr. Hall to watch out for the liquid substance which you had previously seen on the floor."
Answer: "Admitted."
Request No. 5: "That following the occurrence described in request for admission No. 4 above, Mr. Hall, while dancing with you, pushed you outward from him for a turn, and as he did so you stepped in the liquid substance referred to in request for admission numbered 2 above, at which time you fell to the dance floor."
Answer: "Denied  for the reason that the matters contained in request No. 5 occurred simultaneously with the matters referred to in request No. 4, rather than `following' same."
On the basis of the complaint, the answer thereto, and plaintiff's responses to the requests for admissions, defendant moved for summary judgment on the ground, in substance, that there is no genuine issue of material fact on the question of contributory negligence, in that it is uncontradicted that plaintiff's negligence proximately contributed to the accident and her injuries. Plaintiff filed an affidavit in opposition to said motion, in which she states:
"The party was being held in the ballroom of the George Washington Hotel and, at approximately 8:30 P.M., I walked across the dance floor toward the piano where I passed by Bill Hall, another member of the group. As I passed, Bill Hall asked me if I would care to dance and I replied in the affirmative so we began dancing.
"A few moments after we had started dancing Bill Hall was in the process of throwing me out for a turn or twirling me, when I noticed a large puddle of water, or a spilled drink, or some liquid substance on the dance floor. As soon as I noticed the liquid substance on the floor I told Bill Hall something substantially like, `Watch out for the water,' but he was already in the process of twirling me, or throwing me out for a turn, and as he pushed me out I hit the water with my foot and fell, striking my face on the floor.
"The first time I saw the water, or spilled drink, or some liquid substance, on the floor, was when I was dancing with Bill Hall and my seeing the subtance, warning, and Bill Hall's throwing me out for a turn occurred almost simultaneously."
The summary judgment herein takes note of the fact that plaintiff's affidavit "refutes the material factual situation" developed by plaintiff's answers to defendant's requests for admissions The trial court held that under such circumstances the affidavit may not be considered to the extent that it alters said admissions.
Consequent upon entry of the summary final judgment, plaintiff filed a petition under Rule 2.8, Florida Rules of Civil Procedure, for a rehearing and to vacate the same on grounds which may be summarized as follows: (1) that plaintiff's affidavit is not inconsistent with her answers to defendant's *555 requests for admissions, and (2) that in passing on the motion for summary judgment the trial court was obliged to liberally construe in plaintiff's favor the answers made by her to defendant's requests for admissions, and that in so doing it was necessary, in view of her response to Request No. 2, supra, to construe her response to Request No. 3, supra, as being nothing more than an admission that on the way toward the piano she passed Mr. Hall who asked her to dance.
The order denying the petition for rehearing cogently states:
"The Court finds itself incapable of reading into the admissions that which is contended for by plaintiff's counsel * * *. Suffice it to say, plaintiff admits that prior to being asked to dance, she observed a liquid substance on the dance floor, accepted the invitation to dance, and thereafter slipped and fell."
Florida Rule of Civil Procedure 1.30, 30 F.S.A. is adapted from a similar federal rule. Our rule provides in part that "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder." Federal decisions construing the rule are highly persuasive. Wider v. Carraway, 101 So.2d 13 (Fla.App.2d 1958). In Southern Ry. Co. v. Crosby, 201 F.2d 878, 36 A.L.R.2d 1186 (1953), the United States Court of Appeal, 4th Circuit, considering a similar situation, said:
"The rule requires a sworn statement denying `specifically' the matters of which an admission is requested or a statement `setting forth in detail' the reasons why an admission or denial cannot truthfully be given. As said in Barron & Holtzoff, Federal Practice and Procedure, Rules Edition vol. 2 pp. 543, 544:
"`A denial in such sworn statement must fairly meet the substance of the requested admission, and when good faith requires that a party deny only partly or with a qualification, a matter as to which an admission is requested, he must specify and admit so much of it as is true and deny only the remainder. The admissions or denials must be forthright, specific, and unqualified. A denial coupled with a general exception of doubtful import, will constitute an admission.'"
Appellant's affidavit herein, filed subsequent to her responses to appellee's requests for admissions, is ineffectual to controvert or vary said responses. Bente v. Nelson, 156 So.2d 17 (Fla.App.2d 1963); Kramer v. Landau, 113 So.2d 756 (Fla.App.3d 1959); Ellison v. Anderson, 74 So.2d 680 (Fla. 1954). In the Bente case the court, in sustaining a summary judgment based on admissions of the defendant, said:
"The admissions resulting in the case sub judice contain sufficient facts to warrant the entry of a summary judgment for the Plaintiff-Appellee. In Ellison v. Anderson, 74 So.2d 680 (Fla. 1954), and Kramer v. Landau, 113 So.2d 756 (3d Dist.Fla.App. 1959), the defendants were forbidden to controvert their own admissions made in depositions by their own or affidavits of others. Although the Court has been cited no case in which this rule has been applied to admissions resulting from requests under Rule 1.30, the rationale of the two cases cited above would appear to apply and the Defendant-Appellants herein could not avoid the entry of an adverse summary judgment by such affidavits."
It is well settled in this jurisdiction that the moving party for summary judgment is held to a strict standard. The pleadings and proofs supporting such motions *556 are strictly construed against the movant, while those opposing the motion are leniently treated in determining whether the movant has satisfied the burden required of him; that in determining whether there exists a genuine issue of material fact, all reasonable inferences of fact from the proofs and pleadings must be resolved in favor of the party opposing the motion; and further, that the appellate court will indulge all proper inferences in favor of the party against whom a summary judgment or decree has been entered. These principles do not contemplate, however, that the trial court is compelled to give the same a strained construction simply to keep alive an action which, parenthetically, should expire of its own weight. The purpose of all good pleading is to develop material issues of law and/or fact upon which to resolve the controversy. It is necessary, therefore, that the litigants by their pleadings be held to say what they mean and mean what they say according to common usage of the English language, semantic refinements aside. This concept is vital to the judicial process and to further relax that requirement would only add confusion and render nugatory the guiding principles of orderly pleading. Paralleling those rules of law which impose upon the party moving for summary judgment the above mentioned heavy burdens is the rule that the party opposing the motion will not be permitted to alter his position as occasion may indicate to be expedient in order to evade the consequences of his previous pleadings, admissions, affidavits, depositions or testimony.
An adult is charged by law with the duty at all times to exercise reasonable care for his own safety. Grall v. Risden, 167 So.2d 610 (Fla.App.2d 1964); Jahn v. Tierra Verde City, Inc., 166 So.2d 768 (Fla. App.2d 1964); Dewar v. City of Miami, 93 So.2d 58 (Fla. 1957); Chambers v. Southern Wholesale, 92 So.2d 188 (Fla. 1956); Becksted v. Riverside Bank of Miami, 85 So.2d 130 (Fla. 1956); City of Palatka v. Woods, 78 So.2d 562 (Fla. 1955); Earley v. Morrison Cafeteria Co. of Orlando, 61 So.2d 477 (Fla. 1952). We concur in the trial court's finding that plaintiff's admissions herein reveal that she did not exercise that decree of care for her own safety which the law requires. As said by the Florida Supreme Court in Chambers v. Southern Wholesale, supra, 92 So.2d at page 190:
"The puddle of water was plainly visible. She knew as well as the defendants the extent to which water may render a concrete sidewalk slippery. she could easily have avoided stepping upon the wet spot. Upon this evidence, and in the absence of circumstances that would justify her failure to apprehend and avoid the danger, she is barred by her contributory negligence from recovering damages against the defendants."
One who momentarily forgets the existence of a known hazard or fails to pay any attention to what he is doing is not relieved of his duty under the circumstances. Garring v. King Cole Northshore Hotel, 122 So.2d 207 (Fla.App.3d 1960). In the Chambers and Dewar cases, supra, which appellant concedes are factually similar to the instant case, plaintiffs were aware of the conditions which resulted in their injuries but failed to take reasonable care for their own safety; and in affirming the summary judgments for defendants, the Florida Supreme Court held that plaintiffs were guilty of contributory negligence as a matter of law. The facts in the case on review require application of the same rule.
The judgment appealed is
Affirmed.
RAWLS, J., and PATTEN, GEO. L., Associate Judge, concur.