BRUTON, JAS. D., Jr., Associate Judge.
Appellant, Iola Nuzzo, plaintiff below, a woman about fifty years old, was walking from a supermarket on the sidewalk to her home, some few blocks distant, carrying groceries. She had lived in the neighborhood about two and one-half years and had passed along this sidewalk quite a few times and stated that she knew the sidewalk was cracked and bumpy and that she would not roll the grocery cart on it because it was bumpy. It was about 6:10 P.M., January 10, 1963, while she was walking along this sidewalk, on the side furthest from the curb, and she stepped in a hole some one to one and one-half inches deep and some six inches by eight inches on each side. She stated she knew the sidewalk was old and cracked but she always walked in the middle and had never walked on the side where she fell. It appears the sidewalk was about average width for residential area. She was walking slowly and was walking along with a woman friend. The time was about dusk and there is no showing that street lights were on or not on. There is no evidence as to how long the hole had been in the sidewalk, nor that the defendant had notice of the existence of the hole. Plaintiff stated she did not know of the existence of this hole but knew the sidewalk was all cracked up and she often walked in the street so that her grocery cart would not bounce on the cracks. The sidewalk was dry and unobstructed. The plaintiff fell and injured her leg. From the statements of the plaintiff, if she knew the center of the sidewalk was defective, then the side of it near the property line of necessity would have to have been observed. The sidewalk was at least wide enough for two persons, perhaps three, to walk abreast.
The defendant, among other defenses, claimed contributory negligence and urged Dewar v. City of Miami, 93 So.2d 58, Fla. 1957, which was an almost identical situation with the regard to cracked sidewalks and in the Dewar Case, the plaintiff had never been along that sidewalk previously but stated she did see that the entire area was cracked.
Motion for Summary Judgment was made in the case at bar, as was done in the Dewar case. In the Dewar case, the plaintiff had not traversed that sidewalk previously but in the case at bar, the plaintiff had traversed it quite a few times in going to the supermarket from her home for more than two years. The plaintiff’s testimony concerning her own action, when faced with the defective sidewalk situation, is. not controverted. The record here fails to show any circumstances that would' justify Iola Nuzzo’s failure to apprehend and avoid the danger. On the contrary, her testimony clearly shows that she had walked this way quite a few times, but in the middle and not on the curb side, nor on the property line side of the sidewalk; but on an ordinary sidewalk, if you are familiar with the middle of it, it would appear you would be familiar generally with each side of it. Under the circumstances, she is guilty of contributory negligence as a matter of law, as the Judge of the Civil and Criminal Court of Record in Pinellas County, Florida, properly held.
This case is distinguishable from those such as City of Palatka v. Woods, Fla., 78 So.2d 562, where it was shown that the injured party was not aware of the dangerous condition of the sidewalk prior to injury. Also, in the case at bar, there is no showing that it was dark at 6:10 P.M., that day but the testimony showed it was dusk. In Brant v. Van Zandt, Fla., 77 So.2d 858, it was stated:
“* * * But where a person has knowledge or notice of a particular physical impediment causing injury, he cannot be said to have a right to assume the place is safe. And, subject to exceptions hereafter noted, if he proceeds while aware of the darkness and is injured by an encounter with the very impediment which he knew or should have known existed, he is guilty of *567 contributory negligence as a matter of law. * * * ”
In view of the record before us and the authorities cited above and cases cited in those authorities, it is our view that the Motion for Summary by the Defendant, St. Petersburg, should have been granted and the lower court is hereby affirmed.
ALLEN, C. J., and PIERCE, J., concur.