WALDEN, Judge.
This is an appeal by the plaintiffs, Kathleen Marie Stock joined by her husband, Joseph Ellsworth Stock, from a judgment entered upon a directed verdict in favor of defendant Joseph Gross in an action for personal injuries sustained as a result of a slip and fall.
Mrs. Stock charged the defendant with creating a nuisance and with negligence in creating a dangerous condition in allowing it to remain in existence.
Mrs. Stock was walking along a sidewalk adjoining a shopping center owned by defendant. There was a small stream of water twenty to thirty inches wide running from defendant’s property across the sidewalk. She saw the water ahead of her and continued walking, stepped in the water, slipped on a slimy substance underneath the water and fell to the sidewalk.
The trial court directed a verdict for defendant at the close of the plaintiffs’ case and rested the decision exactly upon the authority and principles contained in the case of Chambers v. Southern Wholesale, Inc., Fla.1956, 92 So.2d 188. It was found as a matter of law that Mrs. Stock was guilty of contributory negligence because *829 she stepped in the water after having seen it.
However, in addition to the factual situation just mentioned there were certain other salient facts which are relevant and significant. They change the legal complexion of the case. Consider:
1. The water in question had been in existence for such period of time, a period of months, that algae had formed in the wet walkway.
2. This algae, a substance, was slick, slimy and slippery.
3. Because of prior complaints the defendant had actual knowledge of the existence of the water and the algae and the dangerous condition.
4. The plaintiff, while she did see the water, did not see or have any knowledge of the existence of the algae or the slippery condition created by its presence.
5. The plaintiff did not know or have any knowledge as to how long the walk had been wet thus negating any inference that she should have known that algae had formed.
6. The algae was not readily visible to the eye with one witness saying with reference to the wet place, “ * * * just standing up, looking at it, you couldn’t see anything in it * *
Plaintiff’s theory of the case encompasses the foregoing as the complaint stated in part:
“5. Plaintiff alleges that this flow of water * * * from this Defendant’s building * * * flowed across the sidewalk * * * for such a long period of time that it caused a slick and slim[e]y substance to form on the sidewalk * * * and Plaintiff says * * * her foot struck this slick and slim[e]y substance on the sidewalk, which substance was not visible to her, and as a result of her foot striking same, Plaintiff fell * * *. Plaintiff says there was nothing to warn her as to the existence of this condition * *
It is fundamental that the question of contributory negligence is for the jury when it arises on a set of facts from which reasonable men might draw different conclusions, either as to the facts or the conclusions or inferences to be drawn therefrom. It is only where the undisputed evidence-shows the plaintiff to be guilty of negligence, contributing as a proximate cause to his injury, that there is no issue for the jury.
The further rule of law repeated’ in the Chambers case, supra, is: “While * * * it is not contributory negligence to-fail to look out for danger when there is no-reason to apprehend any * * * nevertheless a normal adult person is charged’ with the duty to exercise a reasonable degree of care for his own safety and to see that which would be obvious upon the ordinary use of his senses * * 92 So.2d 188, 190.
Without worrying the facts, the condition created by the defendant constituted a hidden trap and the facts presented a classic case for jury decision as to plaintiff’s contributory negligence. For instance, the pleadings and facts in this case rendered it legally permissible for the jury to have found:
A. That the wet walkway — the combination of water and a cement walk — which the plaintiff admittedly saw'prior to her slip, was not the proximate cause of her fall. It could have reasoned that she saw this condition and was aware of the particular hazard caused thereby. It could have-found that she was on guard against it and that, therefore, if this were the sole condition confronting her, she would not have fallen.
B. That the existence of the algae, the slick substance, which she did not see prior to her slip, was the sole proximate cause- *830 •of her fall. The jury could have properly reasoned that, while she was on guard ■against the condition found in paragraph A, she was neither on guard nor did she have any reason to be on guard as to the ■algae and the condition created by it.
If the jury found the foregoing, it would have been warranted in finding plaintiff free of contributory negligence under the ■law of this state.
Of course, the jury could have found that :she slipped by reason of merely the water ■■and cement walk or the algae alone or by a combination of them. However, it is repeated that the facts require a jury deci.sion.
The rationale of the trial court decision •appears to be that by knowingly stepping in water on a walk and falling a person buys every other unknown hazard found in, under or in combination with the water and is guilty of contributory negligence that proximately caused the fall as a matter of law, regardless of the additional circum■stances and hazards that were not seen. 'Wishing to test such thesis by perhaps far-fetched analogy, suppose there were an •unseen hole or defect under the water’s surface ? Suppose there were a bear-trap lurking thereunder? Suppose there were some infernal machine there that would cause the slipper to be cast into orbit? Suppose in the language of the Chambers case, ■supra, there were “soap or other slippery ingredient” mixed with the water? Does •stepping in the water, even though it is not the proximate cause of the result about which complaint is made, so tinge the plaintiffs conduct as to render such claimant guilty of contributory negligence as a matter of law even though the fall was proximately and solely caused by a condition whose presence was unknown to the claimant and where it could not be said that she should have known of it? The answer is, “No.”
A short analysis of the Chambers case, supra, seems in order inasmuch as the trial court felt compelled under its principles to find Mrs. Stock guilty of contributory negligence. There a block of ice had been delivered and left on the sidewalk in front of a building. After a while it partially melted leaving a puddle of water. The puddle of water was plainly visible on the sidewalk and plaintiff testified that she saw the water about the time she stepped in it. The court ruled plaintiff guilty of contributory negligence as a matter of law. Extracting the pertinent reasoning and findings used by the court there in reaching its conclusion we find: “The presence of water on a public sidewalk is not unusual. * * * The presence of water on a public sidewalk is not so unusual as to justify a user of the sidewalk in wholly ignoring the possibility of its presence. * * * The puddle of water was plainly visible. She knew as well as the defendants the extent to which water may render a concrete sidewalk slippery.” 92 So.2d 188, 189, 190. The court also states: “So far as the record shows, this was ‘plain’ water, containing no soap or other slippery ingredient. The sidewalk is not shown to have been unusual in any way. In no sense was this a case of a hidden defect or a trap that would remain undetected by a person in the normal use of his faculties.” Id. at 189.
Undertaking a comparison between the Chambers case, supra, as just outlined and the case at hand, assuming the algae substance was the sole proximate cause of plaintiff’s fall, it is noticed that the algae was not visible to the plaintiff and that she did not know the extent to which algae would render a wet concrete sidewalk slippery. The presence of algae on a public walkway is unusual and its presence is so unusual as to justify a user of the walkway to wholly ignore the possiblility of its presence when such user is without knowledge as to the length of time the water in question has been on the sidewalk. The water in question was not “plain” water in the sense that it caused and concealed the presence of a slippery algae substance thus rendering the sidewalk and its condition unusual. This was a case of a hidden defect *831 or a trap that would remain undetected by a person in the normal use of his faculties.
The Chambers case, supra, represents an exception to the general rule which provides that contributory negligence is a matter for the jury’s decision. Its language limits its application carefully and severely and, because of the very different facts obtaining in the case sub judice, it does not stand as authority for the trial court’s action in removing this case from the jury’s hands.
Reversed and remanded for a new trial.
SMITH, C. J., concurs.