SHANNON, Judge.
This is an action for damages for injuries received by plaintiff Cecelia Baione when she fell on a sidewalk in the City of Tampa.
On April 4, 1965, at approximately 10:00 A.M., this plaintiff, a 59-year old woman, was walking home from the laundromat. She had walked along this sidewalk many times prior to the accident and knew that the sidewalk was defective and dangerous. She did not know how far she had walked before she fell and could not identify the exact spot of her fall. In her deposition she stated that she did not know what caused her to fall. This plaintiff was the only witness to the accident.
Subsequently plaintiffs sued defendants for damages. In their answers defendants raised the defense of contributory negligence. Later defendants filed a motion for summary judgment. The lower court granted a summary judgment in favor of defendants and plaintiffs have filed this appeal.
Plaintiffs claim that the entry of the summary judgment was error. However, the cases of Nuzzo v. City of St. Petersburg Beach, Fla.App.1966, 183 So.2d 565, and Dewar v. City of Miami, Fla.1957, 93 So.2d 58, are almost directly in point against this contention. Both of these cases involved falls on cracked and defective sidewalks and in both cases summary judgments were granted in favor of the defendants. In the Nuzzo case the plaintiff had traveled along the sidewalk for over a two-year period and she knew that the sidewalk was old and cracked. In the Dewar case the plaintiff had never been on the sidewalk before, but she saw the defective condition of the sidewalk some distance away and noticed that there were cracks in the sidewalk. In both these cases the plaintiffs were held to be guilty of contributory negligence as a mat *744 ter of law. In the case presently on appeal this plaintiff had traveled the sidewalk many times before and knew of the defective condition of the sidewalk. The record does not show any circumstances that would justify this plaintiff’s failure to apprehend and avoid the danger. When she continued on her way with full knowledge of the defective conditions in the sidewalk she became guilty of contributory negligence as a matter of law.
Based on the authorities cited above and the cases cited in those authorities, the lower court was correct in entering a summary judgment in favor of the defendants. Therefore, the judgment is affirmed.
Affirmed.
ALLEN, C. J., and PHILLIPS, CHARLES M., Jr., Associate Judge, concur.