WALDEN, Judge
(dissenting):
I respectfully dissent as I am of the opinion that the sole proximate cause of plaintiff’s damages was the negligence of the plaintiff, Elizabeth Sutter.
Plaintiff went shopping at defendant’s grocery store. She selected a grocery cart common to super market stores. It was a wire cart which had a baby seat which contains two holes so designed that a child sitting in the seat may place his legs through them. It is undisputed that plaintiff, Elizabeth Sutter, had been using such shopping carts for a period of three years and that she personally selected the cart on the occasion in question. She removed three quart bottles of beer from the shelf and placed two of them in the bottom of the cart which was designed to carry groceries. She placed one bottle in the child’s seat. Quite naturally and predictably it promptly fell through the open leg hole and injured the user. It is my view that the construction of the cart was open and obvious and that this plaintiff’s use of such carts almost daily for the previous three years would negate any necessity for notice or warning on the part of the defendant and that, therefore, defendant did not breach any duty owed to the plaintiff. The law requires that a plaintiff see that which should be obvious to her upon the ordinary use of her senses. Jacobs v. Claughton, Fla.App.1957, 97 So.2d 53; Bowles v. Elkes Pontiac Co., Fla.1953, 63 So.2d 769.
I would reverse upon the principles and authority of Grall v. Risden, Fla.App.1964, 167 So.2d 610; May v. Allied Chlorine & Chemical Products, Inc., Fla.App.1964, 168 So.2d 784; Stueber v. Maintenance Inc., Fla.App.1967, 205 So.2d 305; Baione v. City of Tampa, Fla.App.1967, 199 So.2d 743; and Isenberg v. Ortona Recreational Center Inc., Fla.App.1964, 160 So.2d 132.