SPECTOR, Judge.
This is an appeal by the defendant, Harry Simpson, from a judgment entered upon *250 a jury verdict in favor of plaintiff, William T. Simpson, in an action for personal injuries sustained as a result of a slip and fall at the defendant’s service station.
The complaint charges the defendant with negligence in maintaining an unsafe condition at the service station by allowing soapy water to flow on the concrete apron surrounding the pump islands at which cars are filled with gasoline. On the day of the accident, the plaintiff was standing beside his car at the service station waiting for his car’s gas tank to fill when he heard the gas tank overflowing, whereupon he removed the hose nozzle from the tank. As he handed the gas hose to a service station attendant, both feet slipped out from under the plaintiff and he fell, striking the pump island curb, and was injured.
The concrete apron on which the plaintiff was standing at the time of his fall was wet, a condition of which he was aware. However, this water had been made slick by a special soap solution used to wash cars. The soapy and slick nature of the water was not noticeable to the sight and the plaintiff discovered the slickness of the water only after his fall. The source of the soapy water was a car being washed by defendant, Harry Simpson, at an adjacent pump island where cars usually stopped to fill up with gas. Another area to the side of the station provided for washing cars was not being used at the time of the plaintiff’s accident.
The defendant first contends that it is not negligent for a service station operator to wash a car on his premises. This contention ignores the fact that the operator was washing a car in an area normally used for filling cars with gas. It is not unforeseeable for drivers who enter a service station for gas to alight from their cars to relax, to obtain the refreshments available, or to use the station’s restroom facilities. This fact is certainly known to the service station’s owner and operator who provides these services and facilities. Therefore, the owner and operator have a duty to use reasonable care in maintaining the premises in a reasonably safe condition so that their customers may alight from their 'cars without danger of subsequent injury. This is a duty common to most business enterprises. J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann.Cas.1913C, 564 (1912); Crutchfield v. Adams, 152 So.2d 808, reh. den. (Fla.App.1963); Reed v. Ingham, 125 So.2d 301 (Fla.App.1961).
When the evidence shows that there was an invisible substance which caused a party to slip and fall, negligence becomes a question for the jury. Fritts v. Collins, 144 So.2d 850 (Fla.App.1962). The jury herein determined that the defendant breached his duty of care by allowing soapy water to flow over the concrete apron. The jury could well have reasoned that the defendant created an unreasonable risk of harm when he engaged in the act of washing a car with such a substance in an area frequented by customers, particularly in view of the fact that an area was provided to the side of the station for washing cars. It is axiomatic that when a case is properly sent to the jury, this court is loathe to substitute its judgment for that of the jury.
The defendant’s remaining contention is that the plaintiff was contributorily negligent in stepping out onto the wet concrete. In Chambers v. Southern Wholesale, Inc., 92 So.2d 188 (Fla.1956) reh. den., the Supreme Court citing contributory negligence affirmed a summary judgment for the defendant and refused to allow a plaintiff recovery for injuries sustained when she walked through a puddle of water formed by melting ice and extending onto a sidewalk. The court recognized that it was not unusual for water to be present on concrete walkways from a variety of sources, one of which is the hosing down of sidewalks by storekeepers, or likewise the hosing down of service stations. However, the court also stated that the water appeared to be “plain”, free of “soap or other slippery ingredients” and without a “hidden defect or a trap that would remain undetected by a person in the normal use of his faculties”.
*251 It is this description of what was not present in the Chambers case that distinguishes it from the instant case. Here, the record shows that the water had been made slick and slippery by a soap solution used for washing cars and that this condition was not visible. A similar situation was considered in Stock v. Gross, 186 So.2d 827 (Fla.App.1966), cert. den. 192 So.2d 497 (Fla.1966). There, the plaintiff was injured when she stepped in water on a sidewalk and slipped on a slimy substance underneath the water which was not readily visible. The trial court directed a verdict for the defendant on authority of the2 Chambers case, finding that the plaintiff had been contributorily negligent. The Fourth District Court of Appeal, citing the presence of a hidden defect which was lacking in Chambers, reversed the directed verdict and held that Chambers represents an exception to the general rule which provides that contributory negligence is a question for the jury’s determination. With this we agree.
The facts herein warranted the submission to the jury of the issues of negligence and contributory negligence. Accordingly, the judgment based on the jury verdict is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.