61 So.2d 477 (1952)
EARLEY
v.
MORRISON CAFETERIA CO. OF ORLANDO.
Supreme Court of Florida, Special Division A.
November 21, 1952.
Donald Walker and Troy C. Musselwhite, Orlando, for appellant.
M.W. Wells, of Maguire, Voorhis & Wells, Orlando, for appellee.
ROBERTS, Justice.
The appellant was injured when she tripped on a mat in the vestibule of a cafeteria owned by the appellee and sued the appellee to recover for her injuries. Upon motion of the appellee, supported by the deposition of the appellant and an affidavit of the appellee's manager, summary judgment was entered by the trial judge in favor of the appellee. This appeal followed.
The undisputed facts are, briefly, as follows: The appellee maintains in the vestibule of its cafeteria in Orlando a rubber or leather mat, four feet wide and five feet long, and from 1/4 to 1/2 inch thick on the outer edges thereof. The edges are bound with metal and rise vertically from the floor, that is to say, they are not bevelled. The appellant entered the vestibule from the street entrance and walked across the mat to and through a side door leading into the cafeteria proper. There she observed a long line of waiting patrons and decided to leave and come back later. Upon returning to the vestibule en route to the entrance door, she tripped on the edge of the mat and fell.
The appellant alleged that the mat was hidden and concealed by the lower framework and panels of the vestibule to persons re-entering such vestibule from the side door between the vestibule and the cafeteria proper, and that "a heavy mat with abrupt edges concealed in a vestibule as aforesaid constituted an extreme hazard," and sought to hold the appellee liable in *478 damages for her injuries on the theory of a "hidden danger."
While the rule is well settled that a business invitee is entitled to expect that the proprietor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions, it is equally well settled that the proprietor has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. Miller v. Shull, Fla., 48 So.2d 521. "The law does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer. Plaintiff was in turn obligated to exercise a reasonable degree of care for her own safety. * * * The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises." Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368.
The presence of the mat upon the floor and its construction was, or should have been, obvious to the appellant when she entered the vestibule from the street entrance and crossed such mat on her way to the side door; so that, even if it be assumed that the mat was not visible from the side door into the cafeteria proper, its presence on the floor should not have come as a surprise to the appellant when she retraced her steps on her way back to the entrance door. If the mat was dangerous at all (which we do not decide), the danger was not latent or concealed, but patent and obvious, and the ordinary use of her senses by the appellant would have disclosed it to her.
There being no genuine issue as to any material fact, the question of negligence was properly decided by the court as a matter of law, and we find no error in his judgment for the defendant.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., TERRELL, J., and WHITE, Associate Justice, concur.