98 So.2d 370 (1957)
Robert KAGAN, Appellant,
v.
Irving S. EISENSTADT, d/b/a Escott Construction Co., and Fem Corporation, a Florida corporation, Appellees.
No. 57-124.
District Court of Appeal of Florida. Third District.
November 19, 1957.
*371 Barry L. Garber and Von Zamft & Kravitz, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
HORTON, Judge.
Summary judgment was entered by the lower court against the appellant and this appeal is from that judgment. The facts were established by the appellant's deposition and are not in dispute.
Appellees were in the process of constructing apartment buildings on Miami Beach when the appellant, an experienced lumber salesman, came upon the premises in an attempt to sell some lumber. He had visited the job site regularly and was familiar with the plans of the buildings. The appellant succeeded in obtaining an order from appellee, Eisenstadt, who requested that he count the number of rafters and ceiling joists needed to complete the job. Before entering the building, the appellant inquired as to whether the building was safe and Eisenstadt informed him that it was, that the subflooring was in but to watch out for the open stairwell. Appellant climbed an outside stairway, entered the building and proceeded to count the rafters. As he passed the stairwell, his foot caught in a hole, he lost his balance and fell through the open stairwell. The appellant testified, by way of deposition, that he was not looking any particular place but just walking along in a normal manner.
It is not disputed that the appellant had entered the premises for the purpose of making a lumber sale and that he was a business invitee, either by express or implied invitation. It is incumbent upon the person in control of the premises to exercise ordinary care for the safety of business invitees and to warn them of any latent defects known to him, or by the exercise of due care should have been known to him, that might cause injury if encountered. See Hall v. Holland, Fla. 1950, 47 So.2d 889. This rule must be considered in light of all the facts and circumstances of a particular case. When an invitation is made to use the facilities of premises under construction, the invitation is made subject to the conditions that exist and the invitee must assume the risk of such conditions. 65 C.J.S. Negligence § 50, p. 545. It is reasonable to expect to encounter conditions which do not offer the safeguards of a completely constructed building when entering a building only partially constructed. See Hickory House, Inc., v. Brown, Fla. 1955, 77 So.2d 249; Hall v. Holland, supra; cf. Forgione v. Frankini Construction Co., 1941, 308 Mass. 29, 30 N.E.2d 819; Gainey v. Peabody, 1913, 213 Mass. 229, 100 N.E. 336; Doremus v. Auerbach, 176 App.Div. 512, 163 N.Y.S. 239. The appellant was aware of the fact that only the subflooring had been laid and it would not be unreasonable to encounter a hole in the floor at that stage of construction.
The obligation of the proprietor of the premises is to warn of latent dangers, i.e., those which are not apparent from a casual observation of the premises. The Supreme Court of Florida has continually adhered to the proposition that requires a person to see what is there to be seen by the ordinary use of his senses, and if it is there to be seen, it is deemed, in law, to have been seen. See Earley v. Morrison Cafeteria Co. of Orlando, Fla. 1952, 61 So.2d 477; Pettigrew *372 v. Nite-Cap, Inc., Fla. 1953, 63 So.2d 492. There is no duty to warn one of visible and obvious hazards. See Bowles v. Elkes Pontiac Co., Fla. 1952, 63 So.2d 769. The very allegations of the complaint and the testimony of the appellant by way of deposition foreclose any factual dispute as to the cause of the accident and left nothing for a jury to decide.
There being no genuine issue as to any material fact, the question of negligence was properly resolved by the lower court, as a matter of law, and we find no error in the summary judgment entered.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.