COBB, Judge.
This is an appeal from a summary judgment entered in favor of the defendant landowner below, whose parking lot was the situs of a fall by the plaintiff Hildaek. The latter caught her foot on rebar protruding from a deteriorating concrete parking stop she was in the process of stepping over.
The deposition of Hildaek as to the events of the fall is somewhat confusing. Initially, Hildaek testified that she was “just stepping over (the parking stop) and I just felt that rod or whatever on my toe, and I just went diving into the pavement. I tripped.” When asked if she looked down and saw what she had tripped on, her reply was, ‘Well, no, because I went head first into the pavement, but I felt it.” Subsequently in the deposition the following colloquy occurred:
Q. And you said earlier that you had to step over the concrete barrier, the concrete parking stop.
A. Well, a little bit of it.
Q. And you were — you stepped over it, and you said your left foot caught on the bar?
A. (Witness nods head.)
Q. When you stepped, were you — do you know if you were leading with your left foot or your right foot?
A. I think I was leading with my right foot, and I had to step over it just a little bit, like the end of it, with my left foot.
Q. Did you see the bar prior to your stepping over the barriers?
A. Yes.
Q. How long before you stepped over the barrier did you see the bar?
A. Just before.
Q. How many — approximately how many steps did you take after you saw the bar?
A. After I saw the bar?
Q. And before you tripped.
A. Maybe a couple.
Adventist’s successful summary judgment motion was predicated on the argument that Hildaek “admitted to seeing the exposed re-bar which is the subject of this lawsuit a couple of steps before attempting to step over it.”
Given the contradictory versions of the fall in Hildack’s deposition, it is a reasonable inference that while she saw the concrete parking stop in advance, she did not see the protruding rebar which caused her to trip— and her contradictory references to seeing “the bar” a couple of steps prior to the fall may have been intended to mean the concrete parking stop itself rather than the re-bar protruding from it. Since that inference is available, the instant summary judgment cannot stand. The existence of the protruding rebar as a causative factor in Hildack’s fall distinguishes this case from cases such as Vermont Mutual Insurance Company v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978), which is relied upon by the appellees. In that case, the victim’s knowledge of the danger (a wet driveway) was equal or superior to that of the defendant landowner.
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.