EMAS, J.
This is an appeal of a summary final judgment entered in favor of Marshalls of Ma, Inc. Finding that genuine issues of material fact remain, we reverse.
On February 2, 2007, Appellant, Maria Rocamonde (Rocamonde) sustained injuries when she tripped over a mobile clothing rack within Appellee’s premises (Marshalls). Rocamonde filed a negligence action against Marshalls, alleging that Marshalls breached its duty to operate and maintain the store in a reasonably safe condition, free from dangerous *864 conditions or concealed perils within its premises or in failing to warn of such conditions. Marshalls denied the allegations of negligence, and asserted that it had no notice of the alleged dangerous condition or, alternatively, that such condition was open and obvious to Roca-monde. Marshalls moved for summary judgment, attaching Rocamonde’s deposition transcript and the deposition transcript of Marshalls’ employee, Marinna Lopez.
Rocamonde’s deposition testimony established that prior to her fall, she visited the Marshalls store weekly and had done so for more than ten years. On the day of the accident, Rocamonde was walking down the center aisle of the store, toward the shoe department. She noticed a temporary clothing rack in the aisle, which she described as “S”-shaped. Clothing was hanging from the top bar of the rack, and Rocamonde did not see the base of the rack. As she turned toward the shoe department, she tripped over a piece of iron protruding from the bottom of the rack, “got tangled up with the S the rack makes, and ... fell forward.” She had seen these “S racks” in the store before, but testified that she “did not know that on the bottom [of the rack] it has some steel that overlaps.” Rocamonde testified that she attempted to walk around the rack and would have walked more to the side to get around the rack had she known that it was sticking out as much as it was.
Marshalls’ employee, Marinna Lopez, testified in her deposition that the rack in question is a mobile “Z”-rack, and is used to transport merchandise to different areas of the store.
At the summary judgment hearing, counsel for Rocamonde argued there were genuine issues of material fact as to whether a hidden protrusion at the bottom of the rack caused Rocamonde’s fall. Mar-shalls argued it had no duty to warn as the danger was not hidden or concealed, but was open and obvious. The court entered final summary judgment in Marshalls’ favor, and in its order, set forth findings of fact, which were, in pertinent part, that Rocamonde fell over a mobile Z-rack used to transport inventory throughout the store, which had been positioned in an aisle; that Rocamonde “tripped over the lower portion of the rack which protruded further than the upper portion”; that Ro-camonde did not look at the base of the rack prior to her fall, but nothing prevented her from doing so; that Rocamonde observed the rack and nothing prevented her from walking around the other side; and that Rocamonde had visited the store once per week for the year preceding her fall and previously had seen the base of the racks.
The granting of summary judgment is subject to de novo review. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). The appellate court is required to “consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party ... and if the slightest doubt exists, the summary judgment must be reversed.” Tropical Glass & Constr. Co. v. Gitlin, 13 So.3d 156, 158 (Fla. 3d DCA 2009), quoting Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001). In negligence suits particularly, “summary judgments should be cautiously granted.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). “If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Id., (citing Williams v. Lake City, 62 So.2d 732 (Fla.1953)). Summary judgment should not be granted “unless the *865 facts are so crystallized that nothing remains but questions of law.” Id., (citing Shaffran v. Holness, 93 So.2d 94 (Fla.1957)).
A property owner owes two duties to its business invitees: 1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises in a reasonably safe condition. Westchester Exxon v. Valdes, 524 So.2d 452, 455 (Fla. 3d DCA 1988).
These two duties are separate and distinct, and a landowner’s compliance with the duty to warn (or the open and obvious nature of the danger) does not necessarily mean the landowner has satisfied the duty to maintain the premises in a reasonably safe condition:
While the open and obvious nature of a hazard may discharge a landowner’s duty to warn, it does not discharge the landowner’s duty to maintain the property in a reasonably safe condition. See Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980); see also Zambito v. Southland Recreation Enters., Inc., 383 So.2d 989 (Fla. 2d DCA 1980); Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA) (duty to use ordinary care in keeping premises in safe condition).
Hogan v. Chupka, 579 So.2d 395, 396 (Fla. 3d DCA 1991).
The trial court’s order did not address Marshalls’ duty to maintain the premises in a reasonably safe condition. The trial court found “[Rocamonde] had ample opportunity to perceive the condition and positioning of the rack”, and “would not be able to prove that the Defendant was negligent.” The order concluded that “Defendant does not have a duty to warn against a condition that is patent and obvious,” citing Earley v. Morrison Cafeteria Co. of Orlando, 61 So.2d 477 (Fla.1952).
In Earley, the plaintiff filed a negligence claim after he tripped over a floor mat inside the defendant’s cafeteria. The trial court granted summary judgment for the defendant and the Florida Supreme Court affirmed, holding that although
a business invitee is entitled to expect that the proprietor will take reasonable care to discover the actual condition of the premises and either make him safe or warn him of dangerous conditions, ... the proprietor [also] has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. Id. at 478.
The Earley court found that if the floor mat was dangerous at all, the danger was patent and obvious, and the “ordinary use” of plaintiffs senses “would have disclosed it to her.” Id.
In the instant case, the trial court found, as a matter of law, that Marshalls was not negligent, because Rocamonde saw the mobile rack in the aisle, had the ability to look at the base of the rack, and failed to do so. However, “it is the dangerous condition of an object which must be open and obvious, not simply the object itself.” Kloster Cruise Ltd. v. Grubbs, 762 So.2d 552, 555 (Fla. 3d DCA 2000). Although the cart itself was open and obvious, a primary issue here is whether the protruding bottom portion of the rack— the condition which is alleged to have caused her to trip and fall — was open and obvious. Viewing the record in a light most favorable to Rocamonde, there is evidence that she tripped over the protruding base of the rack which was hidden or obscured from her view. It cannot be said as a matter of law that Rocamonde was aware of this condition. The factual sitúa *866 tion is similar to that presented in Hildack v. Adventist Health Systems, 673 So.2d 579 (Fla. 5th DCA 1996). The plaintiff, a pedestrian, tripped and fell while attempting to step over rebar protruding from a concrete parking stop. She filed a negligence action, and the trial court granted summary judgment in favor of the parking lot owner. In reversing the summary judgment, the Fifth District Court found that, given the contradictory versions of the incident contained within the plaintiffs own deposition,
there was a reasonable inference that while [plaintiff] saw the concrete parking stop in advance, she did not see the protruding rebar which caused her to trip — and her contradictory references to seeing “the bar” a couple of steps prior to the fall may have been intended to mean the concrete parking stop itself rather than the rebar protruding from it.
Id. at 580.
Because there exist genuine issues of material fact, it was error for the trial court to grant summary judgment. Accordingly, we reverse and remand.