EVANDER, J.
Therese Slayton appeals from the entry of a directed verdict in favor of Universal Property and Casualty Insurance Company (“Universal”) on her breach of contract claim. The trial court concluded that Slay-ton did not establish that the insurer had failed to comply with the terms of the insurance policy in question. We affirm.
It is undisputed that on April 15, 2009, Universal issued a homeowner’s insurance policy to Slayton covering her Orlando home. The policy provided that the covered property losses to buildings would be settled as follows:
b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
(1) If, at the time of loss, the amount of the insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
(a) The limit of liability under this policy that applies to the building;
(b) The replacement cost of that part of the building damaged for like construction and use on the same premises; or
(c) The necessary amount actually spent to repair or replace the damaged building.
On July 25, 2009, Slayton’s home suffered damage from a windstorm. Universal *936 estimated that the cost of repair would be $28,915.87. Slayton, however, submitted an estimate prepared by a public adjuster for $61,638.00.
Universal subsequently tendered a check to Slayton in the amount of $27,915.87, the total of Universal’s estimate minus the $1,000.00 deductible. On February 10, 2010, Universal notified Slay-ton in writing that “the amount of $27,915.87 does not necessarily constitute a full and final settlement of your claim for damages associated with your claimed loss” and that Slayton could “submit supplemental claims for any damages discovered in the covered reconstruction and repair of the above mentioned property.”
Slayton negotiated the check but did not submit any supplemental claims to Universal. Instead, on March 29, 2010, she filed the instant lawsuit and the case ultimately proceeded to trial.
At the conclusion of Slayton’s case, Universal moved for a directed verdict arguing, inter alia, that its decision to pay the amount of its estimate (less the deductible) and then consider supplemental claims for additional damages discovered during or arising from the repairs was consistent with the terms of its insurance policy. That argument had merit. The insurance provision cited above unambiguously limited Universal’s liability for the replacement or repair costs to the lesser of the policy limits, the replacement costs for like construction and use, or the necessary amounts actually spent to repair or replace.
On appeal, Slayton argues that the provisions cited above violated section 627.7011, Florida Statutes (2009).[1] Specifically, section 627.7011(3) states:
(3) In the event of a loss for which a dwelling or personal property is insured on the basis of replacement costs, the insurer shall pay the replacement cost without reservation or holdback of any depreciation in value, whether or not the insured repairs the dwelling or property.
We decline to address Slayton’s argument because the limited record provided to us reflects that this argument was not preserved below. See Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla.2005) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985))).
Our decision does not preclude Slayton from submitting supplemental claims to Universal. It does preclude Slayton from recovering for attorney’s fees incurred in pursuing the action below or for this appeal.
AFFIRMED.
GRIFFIN and BERGER, JJ., concur.

. Section 627.7011 was substantially altered by the legislature in 2011. Among the changes, the 2011 amendment deleted subsection (3) and substituted the following:
(3) In the event of a loss for which a dwelling or personal property is insured on the basis of replacement costs:
(a) For a dwelling, the insurer must initially pay at least the actual cash value of the insured loss, less any applicable deductible. The insurer shall pay any remaining amounts necessary to perform such repairs as work is performed and expenses are incurred. If a total loss of a dwelling occurs, the insurer shall pay the replacement cost coverage without reservation or holdback of any depreciation in value, pursuant to s. 627.702.