SALTER, J.
An insured homeowner, Ms. Rizo, appeals an adverse final summary judgment in a circuit court suit against her insurer, State Farm. The summary judgment was predicated on State Farm’s affirmative defense that Ms. Rizo’s claim was barred by the applicable statute of limitations, section 95.11(2)(b), Florida Statutes (2010).[1] The pertinent dates are:
• October 2005 — date of loss (Hurricane Wilma);
• January and April 2006 — payments by the insurer on the initial claim;[2]
• October 2010 — Ms. Rizo’s additional claim submitted to State Farm, but not adjusted or paid; and
*1115 • July 2011 — Ms. Rizo’s lawsuit for breach of contract filed.
State Farm argued, and the trial judge agreed, that the five-year limitations period began to run no later than the last payment (April 2006), such that the July 2011 lawsuit was barred. This appeal followed.
On this record, the complaint did not allege any breach of the insurance policy until 2010. The January and April 2006 payments did not anticipatorily preclude the possibility of supplemental claims or payments. The payment checks were not marked “in full and final payment,” for example. The 2006 payments evidence performance under the insurance policy, not a breach. See Slayton v. Universal Prop. & and Cas. Ins. Co., 103 So.3d 934 (Fla. 5th DCA 2012).
Measuring the five-year limitations period from the alleged 2010 breach regarding her supplemental claim, Ms. Rizo’s lawsuit was timely and was not barred. The final summary judgment below is thus reversed and remanded for further proceedings.
Reversed and remanded.

. In 2011, section 95.11(2) was amended to shorten the limitations period for property insurance claims. Laws 2011, c.2011-39, § 1. Subparagraph (e) was added to specify that in "an action for breach of a property insurance contract,” the limitations period runs from the date of loss. § 95.1 l(2)(e), Fla. Stat. (2011). The trial court correctly con-eluded that the amendment cannot be applied retroactively. See Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc., 67 So.3d 187 (Fla.2011) (finding that a substantive amendment to a statute cannot be applied retroactively).

. Neither the initial claim by Ms. Rizo nor the two 2006 payments to her indicated payment *1115 in full, or that supplemental claims were precluded.