# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3175
Lower Tribunal No. 12-26826
_____

**Nieve and Marisol Linares,**
Appellants,

vs.

**Universal Property and Casualty Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Diverse Legal Solutions, a Law Firm, and S. Antonio Jimenez, for appellants.

Loughren and Doyle, P.A., and Richard B. Doyle, Jr., for appellee.

Before WELLS, LAGOA, and LOGUE, JJ.

LOGUE, J.

Nieve and Marisol Linares, the homeowners, appeal a final summary judgment entered in favor of Universal Property and Casualty Insurance Company. The trial court determined the homeowners' breach of contract action was barred by the five-year statute of limitations period. We reverse.

On October 24, 2005, the homeowners' property sustained damage as a result of Hurricane Wilma. The homeowners reported the damage to the insurance company approximately two months later. On February 21, 2006, the insurance company sent a letter to the homeowners stating that the damages fell below the insurance policy's deductible. Although the letter also stated that the insurance company had concluded its investigation, the letter did not clearly or conclusively deny the claim. Instead, the letter provided, "[i]f you discover any additional damages or information regarding this matter, please forward it to our office for consideration."

Some three years later, in December 2009, the homeowners provided the insurance company with the report of a private adjuster estimating the damages to exceed the policy deductible by a factor of ten. The homeowners also demanded that the insurance company participate in the appraisal process as provided for in the policy. In response, the insurance company requested that the homeowners participate in examinations under oath and provide sworn proof of loss. The homeowners complied with the requests. On August 24, 2010, the insurance

2

company sent a letter to the homeowners denying the claim in plain and unambiguous language: "the original assessment of damages relating to Hurricane Wilma, when the claim was filed in 2005, was adequate and accurate, and the recently presented claim must be denied."

The homeowners brought suit on July 9, 2012, alleging one count of breach of contract. The insurance company moved for summary judgment on the basis of the statute of limitations. The trial court granted the motion. This appeal followed.

The applicable statute of limitations provides that an action for breach of a property insurance contract must be filed within five years of the cause of action accruing. See § 95.11(2)(b), Florida Statutes (2010). "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2010). This generally occurs, in insurance contract actions, at the time the insurance policy is breached. State Farm Mut. Auto. Ins. Co. v. Lee, 678 So. 2d 818, 821 (Fla. 1996).[1]

The insurance company argued, and the trial court agreed, the statute of limitations began to run when the insurance company sent the February 2006 letter stating that the claim was below the deductible. We disagree.

---

[1] In 2011, the Legislature shortened the limitations period for property insurance claims by specifying that such actions begin to run from the date of loss. § 95.11(2)(e), Fla. Stat. (2011). That amendment to section 95.11(2) does not apply retroactively to this case. Rizo v. State Farm Fla. Ins. Co., 133 So. 3d 1114 n.1 (Fla. 3d DCA 2014) (citing Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc., 67 So. 3d 187 (Fla. 2011)).

The court in <u>Oriole Gardens Condominiums, III v. Independence Casualty &</u> <u>Surety Company</u>, No. 11-60294-CIV, 2012 WL 718803 (S.D. Fla. March 6, 2012), addressed a case with remarkably similar facts. The insured submitted a claim for property damage sustained during Hurricane Wilma. <u>Id.</u> at *1. The insurer responded with a letter, similar to the February 2006 letter in the present case, stating the damages fell below the insurance policy's deductible and inviting the submission of additional information. <u>Id.</u>

Three years later, the insured submitted a sworn proof of loss for damages exceeding the policy deductible. <u>Id.</u> The insurer requested that the insured participate in examinations under oath and submit further document in support of the claim. <u>Id.</u> The insured complied with the requests and demanded that the insurer participate in the appraisal process as provided for in the policy. <u>Id.</u> The insurer eventually sent a letter clearly denying the claim and stating it was standing by its initial determination that the amount of loss fell below the policy's deductible. <u>Id.</u> at *2. Over five years after the insured received the initial letter stating the damages fell below the policy's deductible, but less than five years after the second letter denying the claim, the insured brought a one-count complaint for breach of contract against the insurer. <u>Id.</u>

The court held the cause of action was not barred by Florida's five-year statute of limitations period. <u>Id.</u> at *12. First, the initial letter informing the insured

4

that its claim fell below the policy's deductible contained no language clearly denying the claim. Id. at *11. Second, the insurer's correspondence and actions regarding the insured's claim indicated that the claim was open and ongoing. Id. We find this reasoning to be persuasive and applicable to the present case.

Reversed and remanded for proceedings consistent with this opinion.