DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN LUCIANO** and **VICKIE LUCIANO,**
Appellants,

v.

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY,** a Florida
corporation,
Appellee.

No. 4D13-790

[January 28, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Richard D. Eade and Thomas M. Lynch, IV, Judges; L.T. Case No. 062011CA027869AXXXCE.

Aylin Morales of the Law Offices of Gonzalez & Associates, P.A., Miramar, for appellants.

Sarah Lahlou-Amine of Fowler White Boggs P.A., Tampa, for appellee.

LINDSEY, NORMA SHEPARD, Associate Judge.

This is an appeal from an order granting final summary judgment in favor of Appellee/Defendant, United Property and Casualty Insurance Company ("United"), on statute of limitations grounds. We reverse.

In November of 2005, Appellants/Plaintiffs, Juan and Vickie Luciano (the "Homeowners"), submitted a claim to United under their homeowner's policy for damage sustained as a result of Hurricane Wilma. United hired an adjuster to inspect the property and, in February of 2006, issued payments to the Homeowners for "minor tile damage" on the roof, their fence, their skylight and the children's wooden playground.

The Homeowners then requested additional payment for replacement of the skylight dome and fence. United sent the same adjuster to inspect the property again. As a result of the inspection, United agreed that the skylight should be replaced but found that the fence could be easily repaired. Approximately one week later, United sent a letter advising the

Homeowners that it was issuing a "Net Settlement" of "$365.04 only for skylight replacement" which was followed by a check issued on July 6, 2006 in that amount.

In or about March of 2010, the Homeowners, while having a satellite dish installed, noticed that their roof was "drooping."  A roofing company inspected the roof and advised them that the drooping was from water damage and causing, among other things, "bubbling" of the front door frame, and discoloration near the air vents, and, further advised, that the roof needed to be replaced.  The Homeowners filed a supplemental claim with United on April 16, 2010.  In response, United sent a field adjuster and an engineering company to inspect the roof and interior.  By way of a letter dated August 25, 2010, United denied this claim on the basis that its inspection revealed no windstorm damage, that it believed the loose roof tiles observed had been intentionally moved by hand, and that it believed that the "only significant damage" observed to the roof was most likely caused by the installer of the satellite dish.

In November of 2011, the Homeowners sued United for breach of contract.  In turn, United raised the statute of limitations as a defense.  On summary judgment, the circuit court agreed with United that the July 2006 payment was the event from which the statute of limitations began to run.   On that basis the court entered final summary judgment in favor of United finding that the Homeowners' lawsuit was time-barred pursuant to the five-year statute of limitations for breach of contract actions under section 95.11(2)(b), Florida Statutes (2010).[1]

We disagree.   There is no evidence of United's denial of the Homeowners' claim for interior damage and roof replacement until August of 2010.[2]   The letter issued in connection with the July 2006 check indicated it was a *net settlement only for skylight replacement,* and none of the checks and no other correspondence indicated payment in full for, or a complete settlement of, all Hurricane Wilma claims.  None were marked full and final payment and there was nothing indicating that no additional supplemental payments would be made.  Therefore, the checks issued by United in 2006 merely evidence performance under the insurance policy and United's alleged breach did not occur until

---

[1] Though not applicable to the matter at hand, this statute has been amended to provide that the limitations period for an action for breach of property insurance contract runs from the date of loss.  § 95.11(2)(e), Fla. Stat. (2011).
[2] The record below shows that no damage to the interior of the home was claimed in 2005 or 2006.

United denied the claim for roof replacement in 2010. *See Rizo v. State Farm Florida Ins. Co.,* 133 So. 3d 1114 (Fla. 3d DCA 2014).

Given that this action was commenced in 2011, the Homeowners' lawsuit was timely. The final summary judgment is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

WARNER and STEVENSON, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3