# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2114
Lower Tribunal No. 15-23315
_____


**Latonya Francis,**
Appellant,

vs.

**Tower Hill Prime Insurance Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

The Mineo Salcedo Law Firm, P.A., and Nathan Teplitsky (Davie); Fox & Loquasto and Gray Proctor (Orlando), for appellant.

Rumberger, Kirk & Caldwell and Nicole Sieb Smith and Allan J. Rotlewicz, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

SALTER, J.

Latonya Francis appeals a final summary judgment in favor of her insurer (Tower Hill Prime Insurance Company, "Tower Hill"), regarding her claims for rainwater damage to her home's interior caused by roof leaks. We reverse, finding that genuine issues of material fact exist regarding Tower Hill's (1) adjustment and payment of the "actual cash value" of the damage covered by Ms. Francis's insurance policy, and (2) the applicability of the policy's exclusion for "wear and tear" to a vague, unliquidated, and inchoate claim for damage to the roof itself.

Tower Hill paid the amount computed by its own appraiser for the interior repairs, less the applicable policy deductible and depreciation. The insurer notified her that the allowed amounts were based on "actual cash value," and that she could make a claim for depreciation by providing documentation that the repairs were completed. See Trinidad v. Florida Peninsula Ins. Co., 121 So. 3d 433, 439 n.3 (Fla. 2013).

Ms. Francis used the amounts paid by Tower Hill to repair her roof rather than the damaged interior of the home. Tower Hill advised Ms. Francis that she could submit supplemental claims for damage revealed as repairs were made.

Ms. Francis sued Tower Hill for breach of the insurance contract based on an assertion that Tower Hill's payments were less than the actual cash value of the damage to the interior. Tower Hill moved for summary judgment, arguing that the insured was not entitled to further compensation because she had received payment

2

for the actual cash value of her loss, and because she did not use the insurance proceeds to repair the reported damage. Tower Hill maintained that Ms. Francis had not submitted a claim for the roof itself, and that any such claim would have been disallowed as a result of the exclusion for "wear and tear."

The trial court granted Tower Hill's motion for final summary judgment and denied a subsequent motion for rehearing. This appeal followed.

Analysis

The final summary judgment is subject to de novo review. The trial court is obligated to consider the "summary judgment evidence"[1] in the record, and any reasonable inferences from that evidence, in the light most favorable to the non-moving party. Rocamonde v. Marshalls of Ma, Inc., 56 So. 3d 863, 864-65 (Fla. 3d DCA 2011). If the summary judgment evidence presents any genuine issue of material fact, summary judgment should not be granted. Id.

In the present case, the record contains Ms. Francis's deposition testimony and the two sworn statements of proof of loss prepared by her adjuster, Stellar Public Adjusting Services. These two claims included line item estimates totaling over $139,000.00 (after applying the $1,000.00 deductible to each claim), versus Tower Hill's appraiser's (Pacesetter Claims Service) computation of approximately $15,000.00 (after deductible).[2] Ms. Francis's sworn statements of

---

[1] Fla. R. Civ. P. 1.510(c).

[2] Recoverable depreciation was not included for this comparison, but would have

proof of loss were signed by the adjuster before a notary and constituted summary judgment evidence under Florida Rule of Civil Procedure 1.510(c).  It follows that the widely-divergent estimates of covered repair costs created a genuine issue of material fact precluding summary judgment regarding the roof leak claims.  See Javellana v. Tower Hill Signature Ins. Co., 23 Fla. L. Weekly Supp. 1031 (Fla. 11th Cir. Ct. Mar. 31, 2016).

The next question is whether summary judgment was also appropriate regarding any claim for damages to the roof itself (in connection with the events that gave rise to the losses claimed for leakage to the interior of the home for April 22 and 29, 2015).  Tower Hill persuaded the trial court that Ms. Francis could not raise roof damage issues because (a) she did not include that damage (only water damage inside the house) during her deposition, (b) neither she nor her adjuster made a claim for those costs in accordance with the insurance policy, and (c) Tower Hill's adjuster inspected the property and demonstrated that any such roof damage was excluded by the "wear and tear" exclusion in the policy.

On this point, Ms. Francis points to Tower Hill's letters enclosing the two payments made by Tower Hill.  Although Tower Hill only adjusted the two water damage claims, it notified Ms. Francis "that the claim you have presented to Tower Hill Prime Insurance for roof damage does not qualify for payment," because "the

_____

been included in payments to the insured upon proof that the repairs were completed.

damages to your roof are due to wear and tear and not a covered peril." The letters also state:

> We also want to bring to your attention that the amount of [payment allowed by Tower Hill and enclosed] does not necessarily constitute a full and final settlement of your claim for damages associated with your claimed loss. You may submit supplemental claims for any damage discovered in the covered reconstruction and repair of the above mentioned property.

In Tower Hill's adjuster's notes in the record, evaluation of any roof damage was "pending until we can determine any or if any shingles were damaged by covered peril," because the adjuster needed a tarp over the roof removed and photos of any damage before the restoration (the notes state: "Possible supplement for roof only if storm damage is found when tarp removed and photos can be taken."). Thereafter, the tarp was removed and Tower Hill's adjuster determined that "the damages were due to deterioration of the sealant around the vents of the roof as opposed to weather storm(s)."

The complaint and record are unhelpful regarding the extent of the claim regarding the roof, referring vaguely to "the damage sustained to the building on the subject property, damage to contents, and loss of use of the property and possessions taken from therein." Nevertheless, Tower Hill sought an adjudication in its motion for summary judgment that any claim by Ms. Francis for roof damage was excluded by the policy or otherwise precluded. The trial court's unelaborated

order that Tower Hill's motion for summary final judgment is "granted" must also be reversed insofar as it may have addressed roof damage.

Based on our reading of the policy language, complaint, and other summary judgment evidence, Ms. Francis has not yet presented a proper, detailed, written claim for roof damage to Tower Hill for processing, and questions regarding both coverage and extent of loss, if any, have not crystallized for assertion as a cause of action for breach.

Finally, we reject Tower Hill's argument to the trial court and to us that this record is governed by Slayton v. Universal Property & Casualty Insurance Co., 103 So. 3d 934 (Fla. 5th DCA 2012). Slayton held that an insurer's payment of its own adjuster's estimate less the deductible (and agreeing to consider "supplemental claims for additional damages discovered during or arising from the repairs") was not itself a breach of a policy authorizing such a procedure. Id. at 936. In that case, unlike the case before us, Slayton had failed to preserve the argument that the insurer violated section 627.7011, Florida Statutes, as in effect in 2009. In the present case, Ms. Francis raised and preserved the argument.

For these reasons, we reverse the final summary judgment and remand the case to the trial court for further proceedings.

6