# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2089
Lower Tribunal No. 14-27302
_____

**Rhulien Milhomme and Marie Milhomme,**
Appellants,

vs.

**Tower Hill Signature Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Mintz Truppman and Timothy H. Crutchfield, for appellants.

Koch Parafinczuk Wolf Susen, Justin R. Parafinczuk and Andrew S. Ramos (Fort Lauderdale), for appellee.

Before ROTHENBERG, C.J., and SALTER and LINDSEY, JJ.

PER CURIAM.

Following water damage to their home, Mr. and Mrs. Milhomme filed a claim under their homeowners' insurance policy issued by Tower Hill Signature Insurance Company ("Tower Hill"). A Tower Hill claims service investigated the claim, did not dispute coverage for the date or type of loss, computed actual cash value and replacement value for the damage, and issued a check to Mr. and Mrs. Milhomme for the higher of the two values, less the deductible. Tower Hill's transmittal letter stated that it would consider "supplemental claims for any damages discovered in the covered reconstruction and repair of the above mentioned property."

The gross amount of the loss (before subtracting the deductible) computed by Tower Hill, however, was about $20,000 less than the detailed, line-item estimate of restoration and repair costs by the Milhommes' licensed, independent adjuster. The independent adjuster's line-item calculations plainly disclosed a disagreement regarding the actual cash value (and appropriate scope of work) regarding the claim.

Tower Hill declined to readjust or pay any further part of the Milhommes' estimate, and the Milhommes then sued Tower Hill in the circuit court for breach of the insurance policy. Tower Hill moved for summary judgment, relying principally on Slayton v. Universal Property & Casualty Insurance Co., 103 So. 3d 934 (Fla. 5th DCA 2012). Tower Hill interprets Slayton to mean that no breach

occurs so long as the insurer pays the amount its own adjuster computes to be due on the claim and also allows for "supplemental" claim submission (limited to additional damages discovered during the course of the reconstruction and repair).

The Milhommes opposed the motion and filed the affidavit and supporting cost estimates of their independent adjuster, George Quintero. The trial court granted the motion for summary judgment and entered a final judgment for Tower Hill. This appeal followed.

We reverse the order on summary judgment and the final judgment in favor of Tower Hill, and we remand for further proceedings. The Milhommes' claim and the adjusted loss amount prepared by Mr. Quintero was not a "supplemental claim," or one for "damages discovered in the covered reconstruction and repair" of the property. The Milhommes' claim addressed the original casualty event and the amounts contended to be necessary to repair and restore the direct physical loss to the covered property.

We distinguish Slayton and decline to apply it here for the reasons we have explained in Siegel v. Tower Hill Signature Insurance Co., Case No. 3D16-1681 (Fla. 3d DCA, slip op. August 30, 2017), and Francis v. Tower Hill Prime Insurance Co., 42 Fla. L. Weekly D1565 (Fla. 3d DCA July 12, 2017).[1]

Reversed and remanded for further proceedings.

---

[1] Neither of these decisions was available to the trial court when it considered and ruled upon Tower Hill's motion for final summary judgment.