# Third District Court of Appeal

## State of Florida

Opinion filed October 4, 2017.

————————————

No. 3D16-1844
Lower Tribunal No. 15-28620

————————————

**Ryan Escobar,**
Appellant,

vs.

**Tower Hill Signature Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellant.

Methe & Rockenbach, P.A., and Kara Berard Rockenbach and David A. Noel (West Palm Beach), for appellee.

Ver Ploeg & Lumpkin, P.A., and Stephen A. Marino, Jr., Benjamin C. Hassebrock and Andrew M. Shapiro, for United Policyholders, as amicus curiae.

Before FERNANDEZ, LOGUE and SCALES, JJ.

*ON CONFESSION OF ERROR*

PER CURIAM.

Ryan Escobar, the plaintiff below, appeals an order granting final summary judgment in favor of his insurer, Tower Hill Signature Insurance Company. Upon Tower Hill's commendable confession of error, and because genuine issues of material fact exist as to the amount of the actual cash value of the insured loss at hand, we reverse the final summary judgment and remand the case to the trial court for further proceedings. See § 627.7011(3)(a), Fla. Stat. (2016) ("In the event of a loss for which a dwelling . . . is insured on the basis of replacement costs . . . the insurer must initially pay at least the actual cash value of the insured loss, less any applicable deductible."); Siegel v. Tower Hill Signature Ins. Co., 3D16-1861, at *10-11 (Fla. 3d DCA Aug. 30, 2017) (reversing final summary judgment in favor of Tower Hill, concluding "[w]e find no support in Slayton[ v. Universal Property and Casualty Insurance Co., 103 So. 3d 934 (Fla. 5th DCA 2012)]—or any other authority Tower Hill cites—for the proposition that the insurer is able to unilaterally determine, as a matter of law, actual cash value or replacement cost value" by simply paying its own independent adjuster's estimate of the insured loss, less the deductible) (footnote omitted); Francis v. Tower Hill Prime Ins. Co., 42 Fla. L. Weekly D1565 (Fla. 3d DCA July 12, 2017) (reversing final summary judgment in favor of insurer where "widely-divergent estimates of covered repair costs created a genuine issue of material fact precluding summary judgment regarding the roof leak claims," expressly rejecting insurer's argument that its

2

payment of its own adjuster's estimate less the deductible entitled it to summary judgment under <u>Slayton</u>).

Reversed and remanded.