# Third District Court of Appeal

## State of Florida

Opinion filed October 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-915
Lower Tribunal No. 15-12314
_____

## Servando Vazquez and Silvia Vazquez,
Appellants,

vs.

## Southern Fidelity Property & Casualty, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellants.

Font & Nelson, LLC, and Jose P. Font and Frantz C. Nelson (Fort Lauderdale), for appellee.

Ver Ploeg & Lumpkin, P.A., and Stephen A. Marino, Jr., Benjamin C. Hassebrock, and Andrew M. Shapiro, for United Policyholders, as amicus curiae.


Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

Servando and Silvia Vazquez are homeowners who brought actions for breach of contract and declaratory relief against their insurance company, Southern Fidelity Property & Casualty, Inc. The trial court entered a final summary judgment against the homeowners and in favor of the insurance company. We reverse under the authority of Siegel v. Tower Hill Signature Insurance Co., No. 3D16-1861, 2017 Fla. App. LEXIS 12424, at *8-9 (Fla. 3d DCA Aug. 30, 2017), Francis v. Tower Hill Prime Insurance Co., 42 Fla. L. Weekly D1565 (Fla. 3d DCA July 12, 2017), and Milhomme v. Tower Hill Signature Insurance Co., No. 3D16-2089, 2017 Fla. App. LEXIS 13322, at *3 (Fla. 3d DCA Sept. 20, 2017). In doing so, we note the trial court did not have the benefit of these decisions when it entered the final judgment at issue.

Based on the 2011 amendments to section 627.7011(3), Florida Statutes, if the homeowner files a claim under a replacement value policy, the insurance company is required to initially pay the actual cash value and is required to pay additional amounts up to replacement value only as work is performed and repair expenses incurred. Ch. 2011-39 §19, Laws of Fla.

Here, the insurance company estimated the actual cash value of the losses to be $773.37. Meanwhile, the homeowners' public adjustor estimated the actual cash value of the losses to be over $30,000. The insurance company paid the homeowners $773.37 and sent a letter indicating that no further payments would be

made unless and until repairs were made in excess of the amount paid. At that point, the homeowners sued. The insurance company moved for summary judgment arguing it had performed its responsibilities under the policy and the statute by paying its estimate of actual cash value. In opposition, the homeowners filed the affidavit and estimate of their public adjustor. The trial court agreed with the insurance company and entered final judgment against the homeowners. This was error.

Section 627.7011(3) requires payment of actual cash value – not merely the insurance company's estimate of actual cash value. Where, as here, there is a genuine issue of material fact as to the amount of actual cash value, the insurance company has sent the homeowners a letter indicating it does not intend to make any additional payments unless and until repairs are made, and the homeowners have brought an action challenging whether the insurance company paid actual cash value as required by the policy and statute, summary judgment may not be granted in favor of the insurance company. See Siegel, No. 3D16-1861, 2017 Fla. App. LEXIS 12424, at *8-9; Francis, 42 Fla. L. Weekly D1565 (Fla. 3d DCA July 12, 2017); Milhomme, No. 3D16-2089, 2017 Fla. App. LEXIS 13322, at *3.

Reversed.